**UNITED STATES of America, Appellee,**

v.

**Gerald FULLWOOD; Michael Moore, also known as Mike; Richard Austin, also known as Roy Rich; Akali Dennie, also known as Kali; William Penn, also known as Juicey; Anthony Harris, also known as Moonie; Lexus, 1992, ES 300(8), serial number J8VK13T3N0019787, last seen bearing North Carolina license plate number FTR6270, Defendants,**

**Melvin Poindexter, also known as Mel, Defendant–Appellant.**

**No. 863, Docket 95–1270.**

United States Court of Appeals, Second Circuit.

Argued Feb. 13, 1996.

Decided June 11, 1996.

28

Steven D. Jacobs, Jacobs, Jacobs & Shannon, P.C., New Haven, Connecticut, for Defendant–Appellant.

Nora Dannehy, Assistant United States Attorney, New Haven, Connecticut (Christopher F. Droney, United States Attorney for the District of Connecticut; H. Gordon Hall, Assistant United States Attorney, of counsel), for Plaintiff–Appellee.

Before: MAHONEY, WALKER, and CALABRESI, Circuit Judges.

WALKER, Circuit Judge:

Defendant Melvin Poindexter appeals from a judgment of conviction for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 entered in the United States District Court for the District of Connecticut (Ellen Bree Burns, *District Judge*) following the return of a jury's guilty verdict. The principal issue on appeal is whether the district court (José A. Cabranes, then-*Chief Judge*) should have suppressed Poindexter's post-arrest inculpatory statements in light of the government's delay in presenting him before a magistrate judge or other judicial officer. Poindexter also contends that Judge Cabranes erred in denying his motion to suppress his pre-arrest statement. Poindexter claims that Judge Burns, to whom this case was transferred, erred in denying his pre-trial motion to produce an original audio tape; admitting into evidence at trial a copy of the court's order extending authorization for the interception of wire communications; and precluding him from offering the testimony of a trial witness at sentencing. We affirm.

## BACKGROUND

During the late summer and early fall of 1993, the New Haven Drug Gang Task Force (the "Task Force"), a joint federal and state law enforcement task force comprised of local police officers and federal special agents, investigated a major cocaine distribution ring operated by the defendants in the western sections of New Haven, Connecticut. As part of the investigation, on October 29, 1993, Special Agent Michael Wardrop, Detective John Bashta, and Sergeant William White of the New Haven Police Department executed a search warrant at Poindexter's home at 73 Orchard Place, New Haven. During the search, Poindexter was handcuffed and kept in the kitchen for between fifteen and twenty minutes. The agents then took him to an upstairs bedroom where the handcuffs were removed. After being given his *Miranda* warnings, Poindexter waived in writing his right to remain silent and to consult with an attorney. Poindexter then gave a taped statement in which he admitted involvement with the cocaine distribution scheme. Poindexter was released from custody without being charged.

On March 2, 1994, a federal grand jury returned an indictment charging Poindexter and several others in various counts with conspiracy and substantive cocaine possession and distribution violations. Although most of the defendants named in the indictment were arrested promptly, Poindexter could not be located. On the afternoon of Saturday, March 19, 1994, four members of the Task Force arrested Poindexter pursuant to a federal arrest warrant based on the indictment. None of the officers questioned Poindexter at the time of his arrest. Poindexter was taken to the State of Connecticut Department of Correction lockup at the New Haven Police Department. Later that day, Special Agent Williams informed an Assistant United States Attorney of Poindexter's arrest.

Despite the availability of a magistrate judge during the weekend, Poindexter was not brought before a judicial officer until 10:30 a.m. on Monday, March 21, 1994. The previous morning, Sunday, March 20, 1994, Poindexter contacted corrections staff and asked to speak with members of the Task Force. Two hours later, Poindexter met with Detective Bashta, Detective David Kendall, and Special Agent Wardrop. Poindexter was advised of his *Miranda* rights and signed a waiver of rights form. During this interview, Poindexter made several statements implicating himself and several codefendants in the drug conspiracy scheme.

On January 18, 1995, following a five-day trial at which Poindexter's statements from October 29, 1993 and March 20, 1994 were received in evidence, the jury returned a guilty verdict. On April 13, 1995, Poindexter was sentenced principally to a term of 360 months of incarceration, to be served consecutive to a state sentence that he was serving at the time. Judgment was entered accordingly.

## DISCUSSION

I. *Motion to Suppress*

 Findings of fact by the district court are reviewed on appeal for clear error. *See United States v. Cropper,* 42 F.3d 755, 758 (2d Cir.1994). In reviewing rulings on motions to suppress, the evidence before the district court is viewed in the light most favorable to the government, *United States v. Hernandez,* 5 F.3d 628, 633 (2d Cir.1993), and factual findings of the court are to be disturbed only where they are clearly erroneous, *id.* at 632; *United States v. Brown,* 52 F.3d 415, 420 (2d Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 754, 133 L.Ed.2d 701 (1996). We review questions of law de novo. *United States v. Moore,* 968 F.2d 216, 221 (2d Cir.), *cert. denied,* 506 U.S. 980, 113 S.Ct. 480, 121 L.Ed.2d 385 (1992).

### A. *October 29, 1993 statement*

 Poindexter contends that the district court erred in denying his motion to suppress his pre-arrest statement of October 29, 1993. We reject Poindexter's claim that the statement was the fruit of an illegal seizure of his person by officers of the Task Force. As the officers arrived to execute the warrant, Poindexter was outside the residence and was entering a vehicle. It was permissible for the officers to require Poin-

dexter to reenter his home and to detain him while they conducted a search of the premises pursuant to a valid search warrant. *See Michigan v. Summers,* 452 U.S. 692, 705, 101 S.Ct. 2587, 2595–96, 69 L.Ed.2d 340 (1981); *Rivera v. United States,* 928 F.2d 592, 606 (2d Cir.1991). It was also prudent for the officers to handcuff Poindexter until they could be certain that the situation was safe. Once the residence had been secured, the officers removed the handcuffs. We find that the district court did not clearly err in finding that Poindexter's subsequent statement, given after he had been advised of his *Miranda* rights, was knowing and voluntary. *See United States v. Caba,* 955 F.2d 182, 185 (2d Cir.) (waiver of *Miranda* rights valid only if product of knowing and voluntary choice), *cert. denied,* 506 U.S. 843, 113 S.Ct. 130, 121 L.Ed.2d 84 (1992).

### B. *March 20, 1994 Statement*

■ Poindexter's strongest claim is that the district court should have suppressed his post-arrest statement of March 20, 1994. Poindexter argues that this statement was obtained by the government during an unreasonable delay between his March 19 arrest and his March 21 presentment before a magistrate judge for arraignment. Although we are troubled by the delay in Poindexter's arraignment, we affirm because his statement was wholly voluntary.

At the suppression hearing, the district court learned that the arresting officers had believed Poindexter was in state custody. Their reasoning was that Poindexter's arrest on a federal warrant was also a violation of his state supervised home release status on a prior state conviction, which would have authorized his detention by the state. In particular, one officer testified that because a "Do Not Release" sticker was put on Poindexter's file so that he would be held without bond pending the next state hearing for the violation, the Task Force believed that there was no duty to arraign him promptly. At the conclusion of the hearing, the district court found that the government did not purposefully delay bringing Poindexter before a judicial officer. The district court additionally found that Poindexter knowingly and voluntarily waived his *Miranda* rights and that his statements were made knowingly and voluntarily and were not the product of "coercive interrogation." Ultimately, the district court denied the motion to suppress on the ground that Poindexter's arrest and detention were reasonable "based on the defendant's status as a state prisoner."

Poindexter maintains that the government's failure promptly to present him for arraignment violated Fed.R.Crim.P. 5(a), which states in pertinent part:

[A]n officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available federal magistrate judge or, if a federal magistrate judge is not reasonably available, before a state or local judicial officer authorized by 18 U.S.C. § 3041.

However, Rule 5(a) is inapplicable because it applies only where the arrest was made either without a warrant or under a warrant issued upon a complaint, and Poindexter's arrest was made under a federal warrant issued upon indictment.

Although not cited by either party, Fed. R.Crim.P. 9(c)(1) applies to the present case. This provision, applicable to persons arrested pursuant to an arrest warrant, states in pertinent part:

The officer executing the warrant shall bring the arrested person without unnecessary delay before the nearest available federal magistrate judge or, in the event that a federal magistrate judge is not reasonably available, before a state or local judicial officer authorized by 18 U.S.C. § 3041.

Nevertheless, the standards governing "unnecessary delay" are identical under Rules 9(c)(1) and 5(a). *See* Fed.R.Crim.P. 9, advisory committee's note (1982 amendment) ("The amendment of subdivision (c) conforms Rule 9 to the comparable provisions in Rules 4(d)(4) and 5(a) concerning return of the warrant."); *see also United States v. Iribe,* 11 F.3d 1553, 1558 (10th Cir.1993) (applying the same standard for Rule 9(c)(1) and Rule 5(a)).

The admissibility of confessions in federal criminal prosecutions is governed by 18 U.S.C. § 3501. Under § 3501(c), discussed at length by the parties, a district court has the discretion to suppress a confession if the delay between arrest and presentment is greater than six hours and is found by the court to be unreasonable under the circumstances. *See United States v. Perez*, 733 F.2d 1026, 1030 (2d Cir.1984). Section 3501(c) provides that a confession shall not be inadmissible solely because of delay in bringing the defendant before a judicial officer if "such confession was made or given by such person within six hours immediately following his arrest or other detention." The government is relieved from the six-hour time limitation only if the pre-arraignment delay is "reasonable considering the means of transportation and the distance to be traveled to the nearest available [judicial officer]." *Id.*

The requirements of § 3501 are implicated only in the case of a prisoner who is arrested or detained for a federal crime and, thus, is in federal detention at the time the challenged statement is made. *United States v. Alvarez–Sanchez*, — U.S. —, —, 114 S.Ct. 1599, 1604, 128 L.Ed.2d 319 (1994). In this case, the district court held that § 3501(c) did not apply on the basis of its conclusion that Poindexter was in "state custody." However, the district court's conclusion was mistaken.

In *Alvarez–Sanchez*, the Supreme Court held that § 3501(c) does not apply to statements made by a person who is being held solely on state charges, but it did not consider the possibility of a defendant being held simultaneously on both state and federal charges. Nonetheless, the Supreme Court stated: "If a person is arrested and held on a federal charge by 'any' law enforcement officer—federal, state, or local—that person is under 'arrest or other detention' for purposes of § 3501(c) and its 6–hour safe harbor period." *Id.* The touchstone of determining the applicability of § 3501(c), therefore, is the governmental source of the charge underlying the arrest, not the law enforcement agency involved. Here, there is no dispute that Poindexter was initially arrested on federal narcotics charges. Federal officials were consequently under a duty to present him before a federal magistrate judge, and the district court's factual finding that the government was relieved of its duty under § 3501(c) because he was held in "state custody" was clearly erroneous.

We conclude, however, that § 3501(c) is inapplicable for a different reason. Section 3501(d) states that "[n]othing contained in [§ 3501] shall bar the admission in evidence of any confession made or given voluntarily by any person to any other person without interrogation." We have held that the procedural requirements of § 3501(c) that might bar confessions based on arraignment delay do not apply to voluntary inculpatory statements. We are guided by our decision in *United States v. Colon*, 835 F.2d 27 (2d Cir.), *cert. denied*, 485 U.S. 980, 108 S.Ct. 1279, 99 L.Ed.2d 490 (1988), in which the defendant similarly was arrested on federal charges on Saturday at 1:30 a.m. but not taken to the federal courthouse until 10:30 a.m. on Monday. During the ride to the courthouse, the defendant made an inculpatory statement in response to an agent's question. The district court admitted the defendant's statement on the ground that the weekend delay was reasonable. We affirmed the district court on the ground that, whatever the reasonableness of the delay, inculpatory statements that are voluntarily made and that are not the subject of interrogation are exempted from the procedural requirements of § 3501(c) by § 3501(d). *Id.* at 30. So, too, in this case, even if the delay in arraignment was unreasonable, Poindexter's statement is not excludable under § 3501(c) if it was voluntarily given without interrogation.

That Poindexter's March 20 statements were voluntarily given without interrogation is incontrovertible. He initiated contact with the agents by asking the correction officers to contact the New Haven Police because he wished to speak with the law enforcement officers. During the interview, Poindexter waived his rights and made the inculpatory statements. It is plain to us that the inculpatory statements were made at Poindexter's behest and were not the product of interrogation in the sense that they were solicited

from an unwilling participant. Therefore, because the requirements of § 3501(d) were satisfied, § 3501(c) is inapplicable and the district court's denial of Poindexter's motion to suppress this post-arrest statement was not an abuse of discretion.

We conclude on a note of caution, however. In *Colon* we specifically warned the government about its continuing practice of unnecessarily delaying arraignments, stating that "it [is] inevitable that if the indifference to Rule 5(a) displayed in this case is routine practice, it will lead to the future exclusion of evidence." *Colon*, 835 F.2d at 31. Nearly ten years later, it appears the government has not fully heeded our warning. We take this opportunity to reiterate our concern as to the apparent indifference on the part of some in the government to taking arrested persons before a magistrate judge "without unnecessary delay." Under the circumstances of the present case, had the defendant confessed as a result of interrogation more than six hours after he was arrested, it would have been within the district court's discretion to exclude the statement.

## II. *Remaining Contentions*

Poindexter contends that the district court improperly admitted into evidence a copy of its order authorizing the continuation of a government wiretap because the order noted that there was probable cause to believe Poindexter was committing violations of 21 U.S.C. § 841(a)(1). The district court did not abuse its discretion in determining that the order's probative value in laying a foundation for the wiretap evidence outweighed any prejudicial effect the order might have had. *See United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir.1995); Fed.R.Evid. 403. Moreover, any error in admitting the exhibit was harmless given the balance of the evidence. *See Ianniello v. United States*, 10 F.3d 59, 64 (2d Cir.1993).

■ Poindexter also claims that the district court erroneously denied his request for production of the original audio tape of Poindexter's October 29 statements. Poindexter made his request less than one month before jury selection was to begin, more than thirteen months after the taped statements were made, and approximately five months after a suppression hearing at which the authenticity of the tapes was established. Given the timing of Poindexter's request, the district court did not abuse its discretion in denying Poindexter's motion for production. *See United States v. Beverly*, 5 F.3d 633, 641 (2d Cir. 1993). Furthermore, even assuming error, the denial of the motion did not cause Poindexter substantial prejudice. *See United States v. Thai*, 29 F.3d 785, 804 (2d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 456, 130 L.Ed.2d 364 (1994).

■ Finally, Poindexter challenges the district court's refusal to allow him to call Special Agent Michael Wardrop as a witness at Poindexter's sentencing hearing for the purpose of establishing that Wardrop's trial testimony was "materially untrue." A defendant has no absolute right to present witnesses or to receive a full evidentiary hearing at sentencing. *United States v. Prescott*, 920 F.2d 139, 143 (2d Cir.1990). In any event, Poindexter cross-examined Wardrop at trial, and the jury chose to credit Wardrop's testimony. A sentencing hearing is not the proper forum to re-litigate factual issues resolved at trial. Accordingly, we find that the district court did not abuse its discretion.

## CONCLUSION

We affirm Poindexter's judgment of conviction.