**Melvin POINDEXTER, Petitioner–Appellant,**

v.

**John NASH, Warden, Respondent–Appellee.**

**Docket No. 02–2224.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 20, 2003.

Decided: June 26, 2003.

Cheryl J. Sturm, Chadds Ford, Pennsylvania, for Petitioner–Appellant.

Barbara D. Cottrell, Senior Litigation Counsel, Albany, New York (Joseph A. Pavone, United States Attorney for the Northern District of New York, Charles E. Roberts, Assistant United States Attorney, Albany, New York, on the brief), for Respondent–Appellee.

Before: OAKES, KEARSE, and B.D. PARKER, Jr., Circuit Judges.

KEARSE, Circuit Judge.

Petitioner Melvin Poindexter, a federal prisoner who was convicted in the United States District Court for the District of Connecticut of narcotics offenses and sen-

tenced as a career offender, appeals from a judgment of the United States District Court for the Northern District of New York, Lawrence E. Kahn, *Judge,* dismissing his petition for habeas corpus under 28 U.S.C. § 2241 which alleged chiefly (1) that Poindexter received ineffective assistance of counsel at trial, (2) that his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the International Covenant on Civil and Political Rights, 999 U.N.T.S. 171 (Dec. 16, 1966) ("ICCPR" or "Covenant"), and (3) that he is "actually innocent" with respect to career offender status. The district court ruled that Poindexter's petition was more properly an application under 28 U.S.C. § 2255, rather than under § 2241; that the petition would be a second or successive § 2255 application, for which filing permission from the court of appeals was required; and that such permission had not been received. Accordingly, the court transferred the application for § 2255 relief to this Court for consideration of whether to grant leave to file, and it otherwise dismissed the petition for lack of jurisdiction. On appeal, Poindexter argues principally that the court had jurisdiction under § 2241 because adequate relief is unavailable to him under § 2255 and because he asserted a claim of actual innocence. For the reasons that follow, we disagree and affirm the judgment.

## I. BACKGROUND

The following account of the proceedings involving Poindexter prior to his present application is taken from his present petition and from *United States v. Fullwood,* 86 F.3d 27 (2d Cir.) (*"Poindexter I "*), *cert. denied,* 519 U.S. 985, 117 S.Ct. 442, 136 L.Ed.2d 338 (1996), which, on direct appeal, affirmed Poindexter's conviction.

### A. *The Prior Proceedings*

In 1995, following a jury trial in the District of Connecticut, Poindexter was convicted of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. In conformity with the then-prevailing practice, the quantity of cocaine that the government contended was involved in Poindexter's offenses was neither alleged in the indictment nor found by the jury. The district court, in calculating Poindexter's sentence under the Sentencing Guidelines ("Guidelines"), found that the quantity of cocaine involved in his offenses exceeded 20 kilograms, giving him a base offense level of 34. The court also found that, in light of three of his prior convictions, to wit, assault with a firearm, sale of narcotics, and possession of narcotics, Poindexter should be classified as a career offender, which increased his offense level to 37 and placed him in criminal history category VI, *see* Guidelines § 4B1.1. The court sentenced him, within the Guidelines recommended range, to, *inter alia,* a prison term of 360 months.

Poindexter appealed his conviction to this Court, contending that the district court had erred in various suppression and evidentiary rulings. All of Poindexter's contentions were rejected; his conviction was affirmed, *see Poindexter I,* 86 F.3d at 29–32; and the Supreme Court denied *certiorari* in 1996.

In 1997, Poindexter filed in the District of Connecticut a *pro se* motion under 28 U.S.C. § 2255 to vacate his conviction. He alleged that his sentence was illegal, that statements used against him at trial had been coerced, that he was denied due process, and that he received ineffective assistance from his trial counsel. That § 2255 motion was denied. The district court denied Poindexter a certificate of appealabili-

ty, as did this Court, *see United States v. Poindexter,* No. 98–2014 (2d Cir. Nov. 19, 1998), *cert. denied,* 526 U.S. 1094, 119 S.Ct. 1512, 143 L.Ed.2d 664 (1999).

## B. *The Present Application*

In May 2001, represented by counsel, Poindexter filed his present application in the Northern District of New York, styling it a petition pursuant to 28 U.S.C. §§ 2241 and 2243 ("the Petition"). The Petition alleged that Poindexter's sentence is being unlawfully "executed" because (1) he received ineffective assistance of counsel when his trial attorney failed to advise him to plead guilty in order to secure a more lenient sentence; (2) the sentence was calculated in violation of his rights under *Apprendi* and in violation of Articles 9, 14, and 15 of the ICCPR by denying him due process, equal protection, and the benefit of a subsequent law (referring to *Apprendi*) that lightened the penalty for his offense; and (3) he is "actually innocent" of being a career offender.

The government, directed by the court to respond to the Petition, moved to dismiss on numerous grounds, including (1) that the *Apprendi* claim lacked merit because Poindexter's sentence did not exceed the statutory maximum for his offense, given his prior criminal record; (2) that *Apprendi* is not retroactive and may not form the basis for a collateral attack; (3) that Poindexter procedurally defaulted his *Apprendi* claim by not asserting it on his direct appeal, and his present petition made no suggestion that he could meet the cause-and-prejudice test in order to excuse his default; (4) that the Petition was untimely, having been made more than four years after Poindexter's conviction became final upon the Supreme Court's 1996 denial of *certiorari* following his direct appeal, and more than three years after the running of the applicable statute of limita-

tions; and (5) that the district court lacked jurisdiction to entertain the present petition. As to the jurisdictional point, the government contended that the Petition was improperly filed under § 2241 and should be construed as a motion under 28 U.S.C. § 2255 because it challenged Poindexter's conviction and his sentence as imposed; the government argued that the district court lacked jurisdiction to entertain such a § 2255 motion because Poindexter had filed a prior § 2255 motion that was denied on its merits, and he had not obtained the requisite court of appeals authorization for the filing of a second or successive § 2255 motion.

The government's motion was referred to Magistrate Judge David E. Peebles for report and recommendation. The magistrate judge recommended that the government's motion be granted on the ground of lack of jurisdiction:

Because this petition challenges Poindexter's conviction and resulting sentence, rather than the execution of that sentence or the conditions of his confinement, and represents a second or successive motion brought under 28 U.S.C. § 2255 to challenge his conviction and sentence without the required court of appeals' permission, I recommend a finding that this court lacks jurisdiction in the matter. Additionally, in light of my finding that the petition in this matter should be treated as a motion brought under section 2255, and considering that a prior motion by petitioner under that section was dismissed on the merits, I recommend that the petition be transferred to the Second Circuit Court of Appeals to consider whether to grant Poindexter leave to file a second or successive petition, in which event the Second Circuit would then presumably transfer the petition to the District of Connecticut, as the district of conviction and sentencing.

Report and Recommendation dated January 18, 2002, at 3. The district court approved and adopted the magistrate judge's report. The Petition was transferred to this Court to the extent that it sought relief within the scope of § 2255. Judgment was entered dismissing the Petition insofar as it sought relief under § 2241.

Following the transfer, this Court directed Poindexter to file, on or before April 25, 2002, an application for leave to file a second or successive § 2255 motion. He failed to file such an application, and that phase of the matter was closed. *See Poindexter v. Nash,* No. 02–3538 (2d Cir. May 13, 2002).

## II. DISCUSSION

On this appeal, Poindexter argues principally that his application was a proper petition under § 2241 because under § 2255 he cannot obtain an adequate remedy for his claims of ineffective assistance of counsel and violations of *Apprendi* and the ICCPR, and because his claim is one of actual innocence with respect to career offender status. We reject his contentions.

A. *The General Scope of § 2241*

 Section 2241 provides generally that the federal courts have the power to grant writs of habeas corpus, *see* 28 U.S.C. § 2241(a), in behalf of, *inter alios,* prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States," *id.* § 2241(c)(3). Section 2255 provides in part that a federal prisoner may seek

> release[ ] upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255 ¶ 1. Despite their overlapping language and the generality of § 2241, the two sections have been construed as "address[ing] different types of claims." *Chambers v. United States,* 106 F.3d 472, 475 (2d Cir.1997).

Under § 2241, a prisoner may challenge the *"execution* of [his] sentence," *id.* at 474 (emphasis in original), such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, *see id.* at 474–75, or conditions of confinement, *see, e.g., Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001); *Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 n. 5 (2d Cir.1991). Section 2255, on the other hand, is the proper vehicle when the federal prisoner seeks "to challenge the legality of the *imposition* of a sentence by a court." *Chambers v. United States,* 106 F.3d at 474 (emphasis in original). As a "general rule," when collaterally attacking a sentence on the ground that he was convicted in violation of the Constitution or federal law, "a federal prisoner must use § 2255." *Triestman v. United States,* 124 F.3d 361, 373 (2d Cir.1997) . . .; *see also Jiminian v. Nash,* 245 F.3d at 146–47 ("[ ] § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence").

*Roccisano v. Menifee,* 293 F.3d 51, 57 (2d Cir.2002). In sum, where a petitioner "challenges the constitutionality of the imposition of his sentence rather than the execution of his sentence, his § 2241 petition should be construed as a motion for relief under § 2255." *Hom Sui Ching v. United States,* 298 F.3d 174, 176 (2d Cir. 2002); *see, e.g., Roccisano v. Menifee,* 293 F.3d at 57; *Corrao v. United States,* 152

F.3d 188, 191 (2d Cir.1998); *Chambers v. United States,* 106 F.3d at 474–75.

■ None of the claims asserted by Poindexter challenged the execution of his sentence. He alleged only that errors occurred in the events that preceded his sentencing, to wit: the failure of trial counsel to advise him to plead guilty; the finding of drug quantity by the court, rather than a jury, for purposes of sentencing; and the finding that his record qualified him to be sentenced as a career offender. Plainly, these claims fall within the scope of a § 2255 motion and outside the normal scope of a § 2241 petition.

## B. *Limited Availability of § 2241 for § 2255–Type Claims*

■ In some very limited circumstances, claims that fall within the substantive scope of § 2255 may properly be made in a petition filed under § 2241. *See, e.g., Jiminian v. Nash,* 245 F.3d at 147–48; *Triestman v. United States,* 124 F.3d at 373–74, 377–78. Section 2255 itself provides, in pertinent part, that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that ... the court which sentenced him ... has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 ¶ 5 (emphasis added). Where relief through § 2255 is unavailable as a procedural matter, and " 'the failure to allow for collateral review would raise serious constitutional questions,' " *Jiminian v. Nash,* 245 F.3d at 147 (quoting *Triestman v. United States,* 124 F.3d at 377), we have interpreted § 2255's exception for "inadequate or ineffective" remedy as making an "exception to the general rule

that a federal prisoner must use § 2255 instead of seeking a writ of habeas corpus under § 2241," *Triestman v. United States,* 124 F.3d at 373.

■ In order to fit within this exception authorizing a petition under § 2241 for a claim that is within the substantive scope of § 2255, it is insufficient simply that relief under § 2255 is unavailable because, for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255, *see, e.g., Roccisano v. Menifee,* 293 F.3d at 57; *Jiminian v. Nash,* 245 F.3d at 147–48, or because § 2255 relief is unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review, *see Love v. Menifee,* 333 F.3d 69, 73–74, No. 01–2192, 2003 U.S.App. Lexis 11813, at *10–*12 (2d Cir. June 16, 2003) (no serious constitutional question raised by unavailability of retroactive § 2255 relief on an *Apprendi* claim). The application not only must show that relief is procedurally unavailable under § 2255, but also must assert a claim of actual innocence that (a) is "prov[able] ... on the existing record," and (b) "could not have effectively [been] raised ... at an earlier time." *Triestman v. United States,* 124 F.3d at 363. Poindexter meets only the unavailability element of this test.

### 1. *The Present Unavailability of Relief Under § 2255*

■ It is clear that a § 2255 motion is now unavailable to Poindexter. He made a § 2255 motion unsuccessfully in 1997. After the transfer of his present application to this Court, he did not, despite notice from this Court, pursue a request for authorization to file a second § 2255 motion. And at oral argument of this appeal, his

attorney conceded that "there simply are no grounds under which Mr. Poindexter could qualify for leave to file a second or successive 2255 motion"—an apt concession. Permission to file a second or successive motion may properly be granted only as to a claim that relies either on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2255 ¶ 8(2), or on

> newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that *no reasonable factfinder would have found the movant guilty of the offense,*

*id.* ¶ 8(1) (emphasis added). None of Poindexter's present claims meets this test.

■ His *Apprendi* claim is not one that may be raised in a second or successive § 2255 motion, because the Supreme Court has not made *Apprendi* retroactive to cases on collateral review. *See, e.g., Forbes v. United States,* 262 F.3d 143, 146 (2d Cir.2001) (per curiam). And although Poindexter claims that the ICCPR requires that *Apprendi* be applied retroactively, that contention is meritless for at least two reasons. Article 15, on which he relies, states that "[i]f, subsequent to the commission of the offense, provision is made by law for the imposition of a lighter penalty, the offender shall benefit thereby." 999 U.N.T.S. at 177. But *Apprendi* does not lessen the penalty for any offense; it merely specifies that the factual prerequisites for imposition of a sentence that exceeds the statutory maximum must be alleged in the indictment and found by the jury. Hence, the Covenant does not apply. Further, even if *Apprendi* were deemed to be a law within the scope of Article 15, the Covenant would afford no basis for relief, for "Articles 1 through 27 of the Covenant [a]re not self-executing,

*see* 138 Cong.Rec. S4784 (daily ed. Apr. 2, 1992), and could not therefore give rise to privately enforceable rights under United States law." *De La Rosa v. United States,* 32 F.3d 8, 10 n. 1 (1st Cir.1994) (per curiam), *cert. denied,* 514 U.S. 1049, 115 S.Ct. 1426, 131 L.Ed.2d 308 (1995); *see also Wesson v. United States Penitentiary,* 305 F.3d 343, 348 (5th Cir.2002) (per curiam) (habeas relief not available for alleged violation of Covenant provisions as to which Congress has not allowed private enforcement), *cert. denied,* —— U.S. ——, 123 S.Ct. 1374, 155 L.Ed.2d 212 (2003).

Nor does Poindexter's ineffective-assistance-of-counsel claim meet the requirements of §§ 2244 and 2255 for leave to file a second or successive motion, for the controlling constitutional principles are not new, the factual predicates do not appear to be newly discovered, and Poindexter presents no facts that could have led to a finding that he was not guilty of his present narcotics offenses. His contention is that trial counsel was ineffective (1) in failing to inform him (a) of the government's filing of an information pursuant to 21 U.S.C. § 851 to subject him to increased penalties by reason of his prior convictions, and (b) of the existence of a plea offer, and (2) in failing to advise him to accept the plea offer. Poindexter could have asserted this claim in his first § 2255 motion, for the record indicates that he was aware of all of the facts underlying this claim before the end of his trial, *see Massaro v. United States,* —— U.S. ——, 123 S.Ct. 1690, 1692, 155 L.Ed.2d 714 (2003) ("an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal"). The Petition stated that "[a]t trial, Poindexter's attorney" stated that he had not discussed with Poindexter "the 851 information" (Petition at 13), and that "the government withdrew the plea

offer" on the record on "the third day of trial" (*id.*). Thus, Poindexter apparently knew the relevant facts at trial, and he obviously knew throughout that his attorney did not advise him to plead guilty. Accordingly, Poindexter's ineffective-assistance-of-counsel claim could have been made in his first § 2255 motion.

In any event, Poindexter's claim of ineffective assistance of counsel was not based on any viable assertion that he is innocent of the instant offenses. Although his Petition asserted that he was "actually innocent of violating the provisions [of] 21 U.S.C. 841(b)(1)(A) because no single cocaine transaction was in excess of five kilograms of cocaine" (Petition at 8), he makes no claim that he did not distribute cocaine in violation of § 841(a)(1), one of the two offenses of which he was convicted. Nor does he claim that he did not engage in conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, his other offense of conviction, *see Poindexter I,* 86 F.3d at 28, which focuses on the aggregate quantity of narcotics involved in the conspiratorial enterprise, *see, e.g., United States v. Patterson,* 947 F.2d 635, 635 (2d Cir.1991).

Further, a petitioner who "does not seek an opportunity to prove his innocence but instead seeks a benefit he asserts he would have received if he had pleaded guilty," simply is not making a claim of innocence. *Roccisano v. Menifee,* 293 F.3d at 57. Here, Poindexter asserted that had he been properly advised by counsel "his sentence would have been substantially lower than the 360 month sentence that was imposed." (Petition at 14.) He makes no claim that he was actually innocent of narcotics trafficking—and certainly makes no claim that such innocence could be shown from the existing record. To the contrary, he argues that counsel should have "give[n] him] the benefit of professional advice that the plea offer should be taken because the government's evidence was overwhelming." (Poindexter brief on appeal at 22; *see also* Petition at 12 ("In this case, the prosecution's case was airtight. It had an audio tape, the testimony of an informant, and Poindexter's statements to the police.").)

### 2. The Claim of "Actual Innocence" of Career Offender Status

Instead of claiming innocence of the drug trafficking that was the subject of his present convictions, Poindexter claims that he is innocent of being a career offender—the Guidelines factor that increased his sentence. He relies on *Spence v. Superintendent, Great Meadow Correctional Facility,* 219 F.3d 162 (2d Cir.2000) ("*Spence*"), for the proposition that "the question of actual innocence is whether the 'constitutional error undermined the accuracy of the guilt or sentencing determination'" (Poindexter brief on appeal at 17 (quoting *Spence,* 219 F.3d at 171 (with internal quotation marks omitted))), and on *United States v. Maybeck,* 23 F.3d 888 (4th Cir.1994) ("*Maybeck*"), for the proposition that "misclassification as [a] career offender is equivalent to a claim of actual innocence" (Poindexter brief on appeal at 17). Poindexter's reliance on these cases is misplaced, for his argument is a technical one that neither asserts a claim of constitutional dimension nor constitutes a claim of "actual innocence" as that term is used either in those cases or in habeas jurisprudence generally.

The Supreme Court, exploring the term "actual innocence" in the course of determining whether a habeas claim may be entertained despite the applicant's prior default and his inability to make the cause-and-prejudice showing that would excuse the default, has made clear that "the concept of 'actual[ ]' ... innocence" is "distinct from [the concept of] 'legal[ ]' in-

nocence." *Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). "In the context of a noncapital case, the concept of 'actual innocence' is easy to grasp," *Sawyer v. Whitley,* 505 U.S. 333, 341, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), because it normally means simply that the defendant did not commit the crime, *see id.; Embrey v. Hershberger,* 131 F.3d 739, 740–41 (8th Cir.1997) (en banc), *cert. denied,* 525 U.S. 828, 119 S.Ct. 78, 142 L.Ed.2d 61 (1998); *United States v. Richards,* 5 F.3d 1369, 1371 (10th Cir.1993). And in a capital case where the contention is not that the defendant did not commit the crime but rather that the penalty imposed on him should not be death, the concept of "actual innocence" refers to clear and convincing evidence that no reasonable juror would have found the existence of aggravating circumstance or other conditions that, under the applicable law, made the petitioner eligible for the death penalty. *See Sawyer v. Whitley,* 505 U.S. at 336, 344–45.

*Maybeck* and *Spence,* on which Poindexter relies, applied the concept of "actual innocence" to the penalty phase of noncapital offenses, granting collateral relief to applicants who showed that they in fact had not committed the crimes on which the calculation or imposition of their sentences was based. In *Maybeck,* the court noted that "[t]here is no dispute ... that [the defendant] *was innocent of one of the convictions* used to determine that he was a career offender and he was improperly sentenced as such." 23 F.3d at 894 (emphasis added). In *Spence,* the state court had deferred sentencing Spence for a robbery conviction, promising that if he did not in the interim engage in any further misconduct or get rearrested, he would be treated as a youthful-offender and given a sentence of probation. During that interim period, Spence was "rearrested and charged with another robbery, *which it*

*turns out he did not commit.* But before that was determined, the heavy sentence he was warned about had already been imposed and [was] being served" when he petitioned for habeas. 219 F.3d at 165 (emphasis added). This Court construed the state court's sentencing promise as being conditioned on the absence of any "misconduct" by Spence, rather than on an "arrest unilaterally initiated by the police," *id.* at 167, *i.e.,* an event over which Spence, if he had done nothing wrong, would have had no control. As Spence "clearly and convincingly demonstrate[d]" that he was "actually innocent of the act for which he received an enhanced sentence," *id.* at 172, we directed the district court to grant his habeas petition and to order his release from prison because the crime that led the state court to send him to prison was one that he had not committed.

These cases provide no support for Poindexter's assertion of actual innocence. An adult defendant whose instant offense is a drug felony is to be sentenced as a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Guidelines § 4B1.1. For these purposes, a crime of violence includes an offense that is punishable by a prison term exceeding one year and that has as an element the use of physical force against the person of another. *See* Guidelines § 4B1.2. Poindexter's instant offenses were narcotics felonies; and he was sentenced as a career offender on the basis of three of his prior convictions, to wit, two for narcotics offenses and one for assault with a firearm. Poindexter makes no suggestion whatever that he did not actually commit those three prior crimes. Nor does he suggest that those prior crimes were not felonies punishable by more than one year's imprisonment or that they that were not crimes of violence or controlled substance offenses.

Rather, he merely makes the legal argument that because he was sentenced for those prior assault and narcotics felonies on the same date, his three convictions should have been treated as a single conviction, and he thus should be deemed not to have the requisite number of prior convictions (*i.e.*, "at least two") for career offender status. This plainly does not assert a constitutional claim. And even as a simple challenge to the application of the Guidelines—a challenge that has been defaulted because it could have been made on direct appeal from Poindexter's conviction—its merit is questionable, for there is no representation that Poindexter's prior convictions met the Guidelines conditions under which multiple convictions may be deemed a single conviction for purposes of avoiding career offender status. *See, e.g.,* Guidelines § 4A1.2 Application Note 3 (even if prior crimes have been consolidated for sentencing, they are not to be so telescoped if they were separated by an intervening arrest). But whatever the merit of the contention that the Guidelines were misapplied in the treatment of Poindexter's three undisputed prior convictions, his claim that the three crimes should have been treated as one crime is not cognizable as a claim of actual innocence.

### C. *Poindexter's Procedural Contentions*

Finally, we note Poindexter's contentions that the district court could not properly dismiss his § 2241 Petition for lack of jurisdiction because "the plain language of Section 2241 invests the district court with the power to hear a case" (Poindexter brief on appeal at 19; *see id.* at 26–27), and that the government could not properly move to dismiss his Petition for lack of jurisdiction but was required to make some sort of factual presentation in response to his Petition (*see* Poindexter brief on appeal at 17, 23–25). These contentions are meritless.

■ The district court has no power to entertain a second or successive § 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court. *see* 28 U.S.C. § 2244(b)(3); *Nelson v. United States,* 115 F.3d 136, 136 (2d Cir.1997) (per curiam) (vacating "for lack of jurisdiction" a district court judgment that dealt with a successive § 2255 motion "on its merits" where this Court had not granted authorization for the filing of that motion). Where the court determines that an application raises only claims which are properly brought under § 2255, that the applicant has filed a prior § 2255 motion which was dealt with on the merits, and that no authorization from the court of appeals has been obtained as "mandated by § 2244(b)(3)," *Liriano v. United States,* 95 F.3d 119, 123 (2d Cir.1996) (per curiam), the district court must transfer the motion to this Court, *see, e.g., id.; Torres v. Senkowski,* 316 F.3d 147, 151 (2d Cir.2003) (same with respect to state prisoner's petition under § 2254). And, except to the limited extent discussed above (with respect to a not-previously-assertable claim of actual innocence that is provable on the record), § 2241 does not give the court authority to entertain under that section an application that is within the scope of § 2255 and that cannot be entertained without court of appeals authorization. The district court in the present case properly ruled that the claims asserted by Poindexter were within the scope of § 2255 and transferred the Petition to this Court so that we could entertain an application by Poindexter for leave to file a second or successive § 2255 motion. As there were no claims that were properly brought under § 2241, the court did not err in refus-

ing to entertain the Petition under that section.

 Nor was there impropriety in the government's motion to dismiss the Petition. "[A]ny party ... at any stage of the proceedings[ ] may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir.1994) (internal quotation marks omitted). Indeed, if the parties do not call a jurisdictional defect to the attention of the court, the court has the duty to raise it *sua sponte. See, e.g., United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *see Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Further, the habeas corpus statutes provide that the court in which a habeas petition is filed may "direct[ ] the respondent to show cause why the writ should not be granted," 28 U.S.C. § 2243 ¶ 1, and such a response may well raise only legal arguments, *see, e.g., id.* § 2243 ¶ 5 (discussing procedure where "the application for the writ and the return present only issues of law"); *see also Mitchell v. Follette,* 358 F.2d 922, 928 (2d Cir.1966) ("[W]hen [the state] considers the allegations [in a habeas petition under 28 U.S.C. § 2241] insufficient, it is entitled to attempt to dispose of the challenge to detention as a matter of law.").

## CONCLUSION

We have considered all of Poindexter's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.