**John Edward SCHOMAKER,
Petitioner–Appellant,**

v.

**Michael K. NALLEY, Warden,
Respondent–Appellee.**

No. 03–2009.

United States Court of Appeals,
Second Circuit.

July 1, 2004.

John Edward Schomaker, Raybrook, NY, for Appellant, pro se.

Robert P. Storch, Senior Litigation Counsel, Northern District of New York (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), Albany, NY, for Appellee.

PRESENT: MINER, STRAUB, Circuit Judges, and FEUERSTEIN, District Judge.*

### SUMMARY ORDER

Appellant John Edward Schomaker, *pro se,* appeals from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge* ) dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Schomaker was convicted in 1998 of two counts of interstate transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1) and sentenced to 168 months' imprisonment on each count, to run concurrently. Schomaker argues that his sentence of 14 years' imprisonment under the 1998 version of § 2252(a)(1), which was amended in 1996 to increase the maximum sentence from 10 years' to 15 years' imprisonment, violated the Ex Post Facto Clause of the United States Constitution because his offenses occurred exclusively in 1994. We assume familiarity with the facts, procedural history, and specification of appellate issues.

"We review *de novo* a district court decision to dismiss for lack of subject matter jurisdiction a habeas petition filed pursuant to 28 U.S.C. § 2241." *Cephas v. Nash,* 328 F.3d 98, 103 (2d Cir.2003). Generally, a § 2255 motion is the exclusive means for a federal prisoner to challenge

---

* The Honorable Sandra J. Feuerstein, United States District Judge for the Eastern District of New York, sitting by designation.

the legality of his conviction or sentence, whereas a § 2241 petition is the appropriate avenue for challenging "the *execution* of a federal prisoner's sentence." *Id.* (internal quotation marks omitted). Because Schomaker is challenging the *imposition* of his underlying conviction and sentence under the 1998 version of 18 U.S.C. § 2252(a)(1), rather than the *execution* of his sentence, a § 2255 motion is the appropriate avenue for the relief he seeks. *See Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir.2002).

Schomaker claims that he is "actually innocent" of his conviction and sentence under the 1998 version of 18 U.S.C. § 2252(a)(1), and argues that his remedy under § 2255 is "inadequate or ineffective." Schomaker argues that he is therefore entitled to the benefit of the "savings clause" of § 2255 and can bring his claim under § 2241. *See* 28 U.S.C. § 2255; *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir.1997).

However, a § 2255 remedy is not rendered inadequate or ineffective simply because a prior motion has been made under § 2255 and a successive motion under that section is disallowed under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir.2003); *Triestman*, 124 F.3d at 376. Furthermore, "[w]here a habeas petitioner asserts actual innocence as part of an effort to argue the inadequacy or ineffectiveness of § 2255, he must both state a colorable basis for that claim and demonstrate his inability effectively to have raised it at an earlier time." *Cephas*, 328 F.3d at 104; *see also Poindexter*, 333 F.3d at 378 ("In order to fit within this exception authorizing a petition under § 2241 for a claim that is within the substantive scope of § 2255 ... [t]he application not only must show that relief is procedurally unavailable under § 2255, but

also must assert a claim of actual innocence that (a) is 'prov[able] ... on the existing record,' and (b) 'could not have effectively [been] raised ... at an earlier time.' ") (quoting *Triestman*, 124 F.3d at 363). Because Schomaker's ex post facto claim is one that he could have raised on direct appeal or in his first § 2255 motion, "it simply does not fall within the savings clause of § 2255 so as to support the exercise of § 2241 jurisdiction." *Cephas*, 328 F.3d at 107.

Accordingly, the judgment of the District Court is AFFIRMED.