**Jesus GRAJALES, Petitioner–
Appellant,**

v.

**T.R. CRAIG, Respondent–Appellee.**

**No. 06–0125–pr.**

United States Court of Appeals,
Second Circuit.

Oct. 27, 2006.

Jesus Grajales, pro se, Federal Correctional Institution at Ray Brook, NY.

Glenn T. Suddaby, United States Attorney for the Northern District of New York (Brenda K. Sannes, Assistant United States Attorney, on the brief), Syracuse, NY, for Respondent–Appellee.

Present: AMALYA L. KEARSE,
SONIA SOTOMAYOR and
BARRINGTON D. PARKER, Circuit
Judges.

### SUMMARY ORDER

Jesus Grajales appeals *pro se* from a judgment entered on December 8, 2005 in the United States District Court for the Northern District of New York (Hurd, *J.*), denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We presume the parties' familiarity with the factual and procedural history of the case and the issues presented on appeal.

Grajales contends principally that he was entitled to relief under § 2241 because he would have been unsuccessful if he sought leave to file a second or successive § 2255 motion, as the "new rule of law" upon which he would have based his claim for relief, *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), had not been made retroactive by the Supreme Court to cases on collateral review. For substantially the same reasons ably discussed by the district court, we reject the appellant's contentions. Our case law is clear that a § 2255 motion "is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 mo-

tion." *Jiminian v. Nash*, 245 F.3d 144, 147–48 (2d Cir.2001); *see also Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir.2003) (a § 2255 motion is not inadequate or ineffective simply "because § 2255 relief is unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review"); *Love v. Menifee*, 333 F.3d 69, 73–74 (2d Cir.2003) (no serious constitutional question raised by unavailability of retroactive § 2255 relief on a claim under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Additionally, Grajales does not assert actual innocence that can be proven upon the existing record and that could not have been asserted earlier. Accordingly, he does not fall within the savings clause exception. *See Poindexter*, 333 F.3d at 379. Finally, to the extent that Grajales challenges the district court's alternative treatment of his petition as a § 2255 motion, because Grajales's prior § 2255 motion was denied on the merits, the district court properly construed his § 2241 petition as a second or successive § 2255 motion. *See Jiminian*, 245 F.3d at 148.

For the foregoing reasons, the judgment of the district court is AFFIRMED.