Eric WHITE, Petitioner–Appellant,

v.

T.R. CRAIG, Warden, Respondent–Appellee.

No. 06–1327–pr.

United States Court of Appeals, Second Circuit.

Feb. 15, 2007.

Eric White, Pro Se, Ray Brook, NY, for Petitioner.

Brenda K. Sannes, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

On November 21, 2005, petitioner Eric White filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming that the failure to make the holdings in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), retroactive to cases on collateral review constitutes a denial of his First Amendment right to petition the government to redress his grievances and establishes a suspension of the Writ of Habeas Corpus. The district court (Kahn, *J.*) dismissed the petition and this appeal followed. We assume familiarity with the underlying facts and procedural history.

Because White has challenged the constitutionality of his sentence, based upon *Booker* and *Apprendi,* and not the execution of his sentence, it should be construed as a motion for relief under 28 U.S.C. § 2255. *See Poindexter v. Nash,* 333 F.3d 372, 377 (2d Cir.2003), *cert. denied,* 540 U.S. 1210, 124 S.Ct. 1486, 158 L.Ed.2d 135 (2004). While the correct forum for a § 2241 petition is the district where the petitioner is confined, *see Starnes v. McGuire,* 512 F.2d 918, 932 (C.A.D.C. 1974), a § 2255 petition must be filed in "the court which imposed the sentence," *see* 28 U.S.C. § 2255 ¶ 1; *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 890 n. 17 (2d Cir.1996). In very limited circumstances, claims that fall within the substantive scope of § 2255 may properly be made in a petition filed under § 2241.[1] *Poindexter,* 333 F.3d at 378 (cit-

1. Section 2255 itself provides, in pertinent part, that:
[a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that ... the court which sentenced him ... has denied him relief, *unless it also appears that the remedy by motion is inadequate or*

ing *Jiminian v. Nash*, 245 F.3d 144, 147–48 (2d Cir.2001); *Triestman v. United States*, 124 F.3d 361, 373–74, 377–78 (2d Cir.1997)). In order to fit within this exception authorizing a petition under § 2241 for a claim that is within the substantive scope of § 2255, it is insufficient simply to claim that relief under § 2255 is unavailable because a prior petition under § 2255 has been denied, *see, e.g., Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir.2002); *Jiminian*, 245 F.3d at 147–48, or because § 2255 relief is unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review, *see Guzman v. United States*, 404 F.3d 139, 141 (2d Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 731, 163 L.Ed.2d 577 (2005); *Love v. Menifee*, 333 F.3d 69, 73–74 (2d Cir.2003) (no serious constitutional question raised by unavailability of retroactive § 2255 relief on an *Apprendi* claim). Because White's claims fall within the substantive scope of § 2255 and do not fit within the "savings clause" authorizing a petition under § 2241, the district court properly dismissed White's petition. For these reasons, we affirm the judgment of the district court.

*ineffective to test the legality of his detention.*    28 U.S.C. § 2255 ¶ 5 (emphasis added).