SUMMARY ORDER
Petitioner, Jeffrey Roy Crosby, appeals from the December 15, 2008 Decision and Order of the District Court for the Northern District of New York, denying and dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.
In 1995, while Petitioner was incarcerated and awaiting trial on weapons charges, a fellow inmate contacted government agents and advised them that Petitioner was attempting to solicit the murder of his former probation officer. In 1996, Petitioner was indicted on two counts of solicitation to murder a United States Probation Officer. See 18 U.S.C. §§ 873, 1114. After a jury trial, Crosby was convicted on both counts of the indictment. We presume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We will not recount the long procedural history of this case that has ensued since Petitioner’s 1996 conviction.
In 2007, Petitioner filed the § 2241 petition that is the subject of this appeal in the District Court for the Northern District of New York. Crosby v. Warden, No. 9:07-CV-1190 (LEK/VEB), 2008 WL 5234293 (N.D.N.Y. Dec.15, 2008). The district court noted that Petitioner had previously “filed at least two unsuccessful motions challenging his underlying conviction.” Id. at *3. The court also indicated that in these prior petitions, Crosby sought the “same relief under 28 U.S.C. § 2241.” Id. The district court properly noted that in order to invoke § 2241, Petitioner must “demonstrate that a motion pursuant to [28 U.S.C.] § 2255 is ‘inadequate or ineffective to test the legality of his detention.’” Id. at *4 (quoting 28 U.S.C. § 2241). And, that “[a]bsent such a showing,” it “lack[ed] jurisdiction to consider the instant [p]etition under § 2241.” Id. The district court held that Crosby’s petition for a writ of habeas corpus, brought pursuant to § 2241, must be denied and dismissed for lack of jurisdiction.
After conducting a de novo review of the district court’s decision to dismiss Crosby’s habeas petition, see Cephas v. Nash, 328 F.3d 98, 103 (2d Cir.2003), we affirm for substantially the reasons articulated by the district court. This court has “the power to dismiss a habeas petition when it is patently apparent that the court lacks ju *593 risdiction to grant the relief demanded.” Id. Petitioner’s challenges to his conviction fall within the scope of 28 U.S.C. § 2255. See Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir.2003). Petitioner cannot show that the instant petition is anything more than an attempt to relitigate issues that have been previously decided by other courts. Therefore, Crosby’s claims do not meet the standard for invoking the savings clause of § 2255. See Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir.2001).
On appeal, Petitioner argues that the district court misapplied the “actual innocence” standard as articulated in House v. Bell, 547 U.S. 518, 537, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). This contention lacks merit. The district court properly applied the “actual innocence” standard, and properly concluded that Petitioner has not satisfied this standard. Crosby, 2008 WL 5234293, at *5. The “actual innocence” standard is “demanding and permits review only in the extraordinary case.” House, 547 U.S. at 538, 126 S.Ct. 2064 (internal quotation marks omitted). This is not such an extraordinary case.
The Court has reviewed Petitioner’s remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.