GRAND-ISLE,
January
1830.

EPHRAIM BEARDSLEY *vs.* ALEXANDER GORDON's administrator.

When a cause has been removed into the Supreme Court and decided on a bill of exceptions, a petition for a new trial will not be sustained, if the grounds for the application are the same which were raised and decided on the exceptions.

This was a petition for a new trial complaining of error in this Court in affirming a judgement of the county court in the case of *Gordon's administrator* vs. *Beardsley.* The original cause had been tried in the county court at its September term, 1827, when a verdict was returned for the plaintiff. *Beardsley,* the (then) defendant, filed a bill of exceptions, which being allowed by the court, the cause was thereupon removed to this Court, and, at the January term, 1828, the judgement of the county court was affirmed.—(See 1 *Vt. Rep.* 151.) *Beardsley,* at a subsequent term, presented his petition for a new trial, alleging for causes the

same matters which had been urged and decided on the exceptions. And now at this term the counsel for the petitionee filed a motion praying that the petition be dismissed, on the ground that the parties were concluded by the judgement which had been rendered in said cause, and because the petition did not allege any matter which had not been decided on said bill of exceptions.

PRENTISS, Ch. J., delivered the opinion of the Court.—The action, in which the petitioner prays for a new trial, was removed, after verdict and judgement against him in the county court, into this Court on exceptions, and the judgement of the county court was here affirmed. The causes assigned in the petition are the same which were heard and decided by this Court on the exceptions.

The statute, on which this application is founded, authorizes the court to grant new trials, on petition, after judgement, *according to the usages of law.—( Comp. Stat. p.* 88, *s.* 1.) It cannot be contended, that it is according to the usages of law, to grant a new trial on the same merits on which an application for a new trial has already been made and refused, or where the same questions have been discussed and decided on exceptions. No precedent can be found to justify a practice so anomalous, and so directly leading to delay, confusion, and uncertainty. Though a writ of error *coram nobis* will lie for error *in fact*, it is a salutary and well settled rule, that it does not lie for error *in law*. The petition in the present case is in the nature of a writ of error, and the object of it is, in effect, to re-examine and reverse a decision made by this Court on matters of law presented by exceptions. If we would not sustain a writ of error on a matter of law decided by this Court, we ought not, surely, to sustain this petition. The reason why a writ of error *coram nobis* will not lie for error in law, is, because the matter of law in the case has once been solemnly determined by the court, and it is unfit that it should be open to further discussion. The same reason exists in all its force against a petition for a new trial, where the very questions presented by it have already received the judgement of the Court, in the same cause, on exceptions. If the party, in such case, is not precluded by the former judgement, it is not easy to see when there would be an end of litigation. A decision on a motion or petition for a new trial, must be a bar to a second application grounded on the same matters ; and when a cause has been removed into this Court and decided on exceptions, if an application for a new trial

GRAND-ISLE,  can be sustained, it must be on some new matter, not raised and
*January,*
1830.  decided on the exceptions.

Beardsley                                     Petition dismissed.
*vs.*          *Smalley & Adams,* for petitioner.
Gordon's adm.  *C. Adams,* for petitionee.