Ronald LOVE, Petitioner–Appellant,

v.

Fredrick MENIFEE, Respondent–Appellee.

**Docket No. 01–2192.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 24, 2002.

Decided: June 16, 2003.

George W. Galgano, Jr., Esq., Galgano & Sullivan, White Plains, NY, for Petitioner–Appellant.

Virginia L. Chavez, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney for the Southern District of New York, Gary Stein, Assistant United States Attorney for the Southern District of New York, of counsel), New York, NY, for Respondent–Appellee.

Before: FEINBERG and SACK, Circuit Judges, and MURTHA, District Judge.[*]

## BACKGROUND

SACK, Circuit Judge.

In 1994, petitioner Ronald Love was convicted by a jury in the United States District Court for the Southern District of New York of conspiring to distribute and possess with intent to distribute heroin, cocaine, and cocaine base in violation of 21 U.S.C. §§ 841 and 846. (He was acquitted of two other charges.) At the time of Love's trial, it was the law of this Circuit that drug quantity was a sentencing factor under section 841 and was therefore not required to be charged in an indictment or proven to a jury beyond a reasonable doubt. *See, e.g. United States v. Monk,* 15 F.3d 25, 27 (2d Cir.1994). The jury in Love's trial was therefore instructed not to consider the quantity of drugs involved in the crimes of which Love was accused. At sentencing, the district court (Harold R. Baer, Jr., *Judge*) determined that Love had conspired to distribute 1405 grams of heroin. Because Love was thus found to have committed a crime involving more than one kilogram of heroin, he was subject to a mandatory minimum sentence of ten years' imprisonment under section 841(b)(1)(A), and a maximum sentence of forty years' imprisonment under section 841(b)(1)(B). The district court sentenced him to 292 months' imprisonment, five years' supervised release, and a $50 special assessment. For purposes of this appeal, we assume that the 292-month sentence exceeded the maximum sentence to which Love would have been subject had the district court not determined the quantity of drugs attributable to him and instead sentenced him under section 841(b)(1)(C) (establishing minimum and maximum sentences for persons convicted of distributing or possessing with intent to distribute detectable but indeterminate quantities of certain illegal narcotics).[1]

We affirmed Love's conviction on appeal, *United States v. Roberts,* 100 F.3d 942, No. 95–1363, 1996 WL 20513, 1996 U.S.App. LEXIS 2499 (2d Cir. Jan.19, 1996) (table); we also denied his motion for reconsideration in banc on the question of whether drug quantity should have been charged in the indictment and proven to the jury beyond a reasonable doubt. Certiorari was denied by the United States Supreme Court later that year. *Love v. United States,* 519 U.S. 951, 117 S.Ct. 364, 136 L.Ed.2d 255 (1996).

Love then filed a motion in the district court pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction on the grounds of ineffective assistance of counsel. The motion was denied on the merits. *Love v.*

---

[*] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

1. Love asserts that his maximum sentence was 20 years, or 240 months, under section 841(b)(1)(C). The government contends, however, that because Love had a relevant prior conviction, his maximum sentence under the section would have been 30 years, substantially longer than his actual sentence. *See* 21 U.S.C. § 841(b)(1)(C) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years ....").

*United States,* No. 97 Civ. 287, 1997 WL 778747, 1997 U.S. Dist, LEXIS 20061 (S.D.N.Y. Dec. 15, 1997) (Harold R. Baer, Jr., *Judge* ).

More than two and one-half years later, in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. Following that decision, in *United States v. Thomas,* 274 F.3d 655 (2d Cir.2001) (in banc), we overruled our prior holdings with respect to drug quantity findings under section 841 and held that, "[a]fter *Apprendi,* drug type and quantity are elements of the offense under 21 U.S.C. § 841 that must be charged in the indictment and submitted to the jury for its finding beyond a reasonable doubt," 274 F.3d at 673. Love then filed a second habeas petition, this time purportedly under 28 U.S.C. § 2241, arguing that his conviction and sentence violated *Apprendi* and *Thomas.*

Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, § 105, 110 Stat. 1214, 1220–21 ("AEDPA"), codified at 28 U.S.C. § 2255, a prisoner may only bring a second (or "successive") motion to vacate, set aside, or correct a federal conviction or sentence pursuant to section 2255 if a Court of Appeals certifies, "as provided in § 2244," that the motion "contain[s]":

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* ¶ 8. Section 2241, under which Love purported to file his petition, contains no such certification requirement.

In *Jiminian v. Nash,* 245 F.3d 144 (2d Cir.2001), we observed:

A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. In contrast, § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255, ¶ 1.

245 F.3d at 146–47 (emphasis in original; citation omitted). The district court (Michael B. Mukasey, *Chief Judge* ), consistent with *Jiminian,* issued a final order construing Love's section 2241 petition as a section 2255 motion, determining that it was second and successive, and transferring it to this Court for possible certification pursuant to section 2255, ¶ 8. The court also closed the docket number subject to the case being reopened were this court to certify Love's petition. When Love failed to request certification within forty-five days of the district court's order, we declined to certify his petition.

Love appeals the final order of the district court.

## DISCUSSION

Love's petition plainly fits the requirements for a motion under section 2255: He is "[a] prisoner in custody under sentence of a court established by Act of Congress claiming ... that [his] sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255, ¶ 1. He nonetheless contends that his petition may proceed under section 2241 pursuant to the savings clause of section 2255 that allows a prisoner to avoid the gatekeeping provisions of section 2255—including the restrictions on second and successive attempts to obtain habeas relief—if section 2255 "appears ... inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255, ¶ 5. In such cases, prisoners may seek relief under section 2241. *See Triestman v. United States,* 124 F.3d 361, 377 (2d Cir.1997).

Section 2255 is "inadequate or ineffective," however, only when a "failure to allow for collateral review would raise serious constitutional questions," *id.* at 377, not whenever its gatekeeping provisions bar review of a petitioner's claim, *id.* For example, "serious constitutional questions" are not raised when AEDPA prevents a prisoner from raising a claim that he or she could have raised on direct review or in an earlier section 2255 motion. *Jiminian,* 245 F.3d at 147–48. "Serious constitutional questions" are similarly not raised by section 2255's gatekeeping provisions in the case before us.

In *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme Court held that—with two minor exceptions [2]—only decisions that establish new substantive rules are to be applied retroactively to cases on collateral review. Applying *Teague,* we recently held in *Coleman v. United States,* 329 F.3d 77 (2d Cir.2003), that the rule in *Apprendi* is not a new substantive rule and does not come within either of the *Teague* exceptions, and therefore does not apply retroactively to cases on collateral review. *Coleman,* 329 F.3d at 88–90. *Apprendi* claims therefore may not be raised even in a prisoner's first section 2255 motion if his or her conviction occurred before *Apprendi* was decided. *Id.*

Because *Apprendi* is not retroactive on collateral review, we conclude that no "serious constitutional question" is raised by confining Love's *Apprendi* challenge to a section 2255 motion with its attendant gatekeeping provisions rather than permitting him to bring it as a section 2241 petition free of such limitations. To be sure, under one of those gatekeeping provisions, we are precluded from certifying Love's rule 2255 motion because the new constitutional rule on which his motion is based, the rule of *Apprendi,* has not been "made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2255, ¶ 8, and he is therefore prevented from raising his *Apprendi* claim in this, his second section 2255 motion. *See Forbes v. United States,* 262 F.3d 143,

2.

Under *Teague,* new rules of constitutional criminal *procedure* do not apply retroactively on collateral review unless they fall into either of two categories: (1) new rules that "place an entire category of primary conduct beyond the reach of the criminal law, or new rules that prohibit imposition of a certain type of punishment for a class of defendants because of their status or of-

fense"; or (2) "new watershed rules of criminal procedure that are necessary to the fundamental fairness of the criminal proceeding."
*United States v. Mandanici,* 205 F.3d 519, 525 (2d Cir.), *cert. denied,* 531 U.S. 879, 121 S.Ct. 190, 148 L.Ed.2d 132 (2000) (quoting *Sawyer v. Smith,* 497 U.S. 227, 241–42, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990)) (emphasis added).

146 (2d Cir.2001) (per curiam) (holding that *Apprendi* has not been made retroactive to cases on collateral review by the Supreme Court). But that is of no moment here. Even if there were no such gatekeeping provisions—that is, even if this were Love's first section 2255 motion, or AEDPA's gatekeeping provisions ordinarily applicable to second or successive petitions did not, for some reason, apply—he would still be barred from raising an *Apprendi* challenge: His *Apprendi* claim arose before *Apprendi* was decided and, under *Coleman,* Apprendi does not apply retroactively to cases that are, like his, on collateral review. As the Eighth Circuit observed:

> We believe th[e] argument [that prisoners should be able to file under section 2241 because *Apprendi* claims are not reviewable under section 2255] is flawed because it attributes blame to the wrong source. [Petitioners] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is *Apprendi* itself, not the remedy by § 2255 motion.

*United States ex rel. Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1062 (8th Cir.), *cert. denied,* — U.S. —, 123 S.Ct. 275, 154 L.Ed.2d 117 (2002).[3] Because the section 2255 gatekeeping provisions are not responsible for Love's inability to raise his *Apprendi* claim, there can be no "serious constitutional question" raised by requiring him to proceed under that section.

Unless and until the Supreme Court holds that the rule of *Apprendi* applies retroactively to cases on collateral review, Love cannot raise an *Apprendi* challenge to his conviction or sentence as a second or successive motion under section 2255, a petition for habeas corpus under section 2241, or otherwise. At that time, should it ever come, Love would be free to move for relief under section 2255.

## CONCLUSION

For the foregoing reasons, we affirm the order of the district court.

---

**3.** Three other Circuits have also held that *Apprendi* claims may not be raised by section 2241 petitions on other grounds. *See Bannerman v. Snyder,* 325 F.3d 722, 723–24 (6th Cir.2003) (holding that *Apprendi* claims may not be raised under section 2241 because they are not claims of actual innocence); *Wesson v. United States Penitentiary Beaumont, TX,* 305 F.3d 343, 346–47 (5th Cir.2002), *cert. denied,* — U.S. —, 123 S.Ct. 1374, 155

L.Ed.2d 212 (2003) (same); *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.), *cert. denied,* 537 U.S. 1038, 123 S.Ct. 572, 154 L.Ed.2d 459 (2002) (holding that section 2255 is only "inadequate or ineffective" when the petitioner's claim is based on an intervening change in the law that "potentially made the crime for which that petitioner was convicted non-criminal").