

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2005

# Fair v. Apker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1513

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Fair v. Apker" (2005). *2005 Decisions.* Paper 1123.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1123

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HPS-80                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1513
_____

SYLVESTER FAIR,
                                            Appellant

v.

CRAIG APKER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02060)
District Judge: Honorable James F. McClure, Jr.

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2005
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

( Filed May 26, 2005)
_____

OPINION
_____

PER CURIAM

        Sylvester Fair, a federal prisoner, appeals pro se the order of the United

States District Court for the Middle District of Pennsylvania denying his habeas petition

filed pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will summarily affirm

the judgment of the District Court.

In December 1997, following a jury trial, Fair was convicted in the United States District Court for the Northern District of New York of conspiracy to distribute, and to possess with intent to distribute, cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and knowingly and intentionally possessing with intent to distribute approximately 223 grams of cocaine base in violation of § 841(a)(1) and 21 U.S.C. § 2. See United States v. Fair, 1998 WL 238719 at * 1. Fair was sentenced to concurrent terms of 240 months imprisonment. See Fair v. United States, N.D.N.Y Civ. No. 00-cv-01919. Fair's conviction and sentence were affirmed on direct appeal by the United States Court of Appeals for the Second Circuit.

In 2000, Fair filed a motion pursuant to 28 U.S.C. § 2255 in the District Court for the Northern District of New York alleging, inter alia, a violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). See id. The District Court denied relief, and the Court of Appeals for the Second Circuit declined to issue a certificate of appealability. Fair then filed an application with the Court of Appeals for the Second Circuit for permission to file a second or successive § 2255 motion. The application was denied on December 22, 2003.

Fair, who is incarcerated at the Allenwood Low Security Correctional Institution, filed the underlying § 2241 petition in the District Court for the Middle District of Pennsylvania on September 20, 2004. Relying in part on Apprendi, Fair argued that his 240 month sentence violated due process and the right to a jury determination of drug quantity for sentencing. Fair further argued that if his claim was

precluded by this Court's precedent, then he was "entitled" to have the District Court transfer his § 2241 petition to the District Court for the Northern District of New York for "disposition" and "hearings." The Magistrate Judge assigned to Fair's case recommended that relief be denied. On December 20, 2004, over Fair's objections, the District Court denied Fair's § 2241 petition.[1] Fair has timely appealed the December 20, 2004 order.

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or the petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002); see also Cradle, 290 F.3d at 539.

---

[1] After the District Court denied his § 2241 petition, Fair filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), which was denied by the District Court on January 28, 2005. In his notice of appeal, Fair references only the December 20 order. Thus, we will not address the District Court's January 28 order. We do note, however, that if Fair had appealed the January 28 order, we would find no abuse of discretion by the District Court. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 667 (3d Cir. 1999).

Specifically, we held in Okereke that § 2255 is not inadequate or ineffective for a federal prisoner to challenge his sentence under Apprendi. See Okereke, 307 F.3d at 120-21. We distinguished Dorsainvil, 119 F.3d at 251, wherein the court found § 2255 inadequate or ineffective because the prisoner was in the unusual position of having no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. We explained that, unlike a change in law that potentially made the crime for which the prisoner was convicted non-criminal, Apprendi dealt with sentencing and did not render the drug offense for which Okereke was convicted not criminal. Okereke, 307 F.3d at 121. Thus, Okereke precludes Fair from raising an Apprendi challenge in a § 2241 proceeding.

In addition, the District Court did not err when it declined to transfer Fair's § 2241 petition to the District Court for the Northern District of New York. First, Fair's reliance on In re Nwanze, 242 F.3d 521 (3d Cir. 2001), is misplaced. Unlike Nwanze, where the conduct for which the petitioner was convicted was potentially no longer criminal, as previously mentioned, Apprendi did not render the drug offenses for which Fair was convicted not criminal. Second, Fair's claim would not be any more viable in the Second Circuit than it is here. The Court of Appeals for the Second Circuit has held that Apprendi is not retroactively applicable on collateral review, see Love v. Menifee, 333 F.3d 69, 73 (2d Cir. 2003), and the District Court for the Northern District of New York has already rejected the same type of Apprendi claim that Fair seeks to advance in his § 2241 petition.

Because this appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's December 20, 2004, order. Fair's motion for summary reversal is denied.