2012 VT 47

## State of Vermont v. Eddie Sinclair

[49 A.3d 152]

No. 10-475

Present: **Reiber, C.J., Dooley, Skoglund and Robinson, JJ., and Kupersmith, Supr. J., Specially Assigned**

Opinion Filed June 8, 2012

*Thomas Donovan, Jr.*, Chittenden County State's Attorney, and *Pamela Hall Johnson*, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Allison N. Fulcher* of *Martin & Associates*, Barre, for Defendant-Appellant.

¶ 1. **Dooley, J.** Defendant filed a petition for a writ of coram nobis in the criminal division, seeking to vacate a conviction from 1993 on the ground that his plea was not entered voluntarily. The court denied the motion, concluding there was no basis for a collateral attack on defendant's plea. Defendant appeals, arguing his plea should be vacated because the sentencing court did not substantially comply with Vermont Rule of Criminal Procedure 11. We affirm.

¶ 2. In October 1992, the State charged defendant with assault and robbery. Defendant entered a plea agreement with the State in which he agreed to plead guilty in exchange for a sentence of two-to-twelve years. In March 1993, the trial court held a change-of-plea hearing and engaged defendant in plea colloquy. The court then accepted the plea and subsequently sentenced defendant in accordance with the agreement.

¶ 3. In November 2010, long after his sentence had been served, defendant filed a pro se motion in the criminal division "pursuant to coram nobis" to "vacate/bring to trial/set aside" his 1993 conviction. Defendant claimed the plea was entered involuntarily because he was not told that the plea could be used to enhance a future sentence and he was under the influence of narcotics at that time. The motion alleged that he was currently serving a federal sentence that was enhanced based on his 1993 Vermont conviction. In a written order, the court denied the motion, ruling that defendant had failed to demonstrate the plea colloquy was inadequate and that there was no basis for a collateral attack on the plea. Defendant appealed.

¶ 4. On appeal, now represented by counsel, defendant raises arguments aimed at challenging the adequacy of the plea colloquy. He argues that at the change-of-plea hearing in 1993 the court failed to substantially comply with Vermont Rule of Criminal Procedure 11 and that he received ineffective assistance of counsel. Although disagreeing on the merits, the State's arguments are primarily aimed at alleged procedural deficiencies in defendant's petition for relief. The State contends that defendant's petition is improperly brought in the criminal division because defendant may not avail himself of coram nobis when post-conviction relief (PCR) proceedings are available to him, and that they are

available in this case. Thus, the State argues that the petition should be dismissed without reaching the merits of defendant's arguments.

¶ 5. We begin with the threshold question of whether coram nobis relief is available to defendant. Coram nobis is an ancient common law writ. L. Yackle, Postconviction Remedies § 9, at 36 (1981). "At early common law, there was no remedy comparable to the modern motion for a new trial or, indeed, appellate review." *Id.* § 9, at 37. The writ was designed to fill this gap somewhat to correct errors of fact "affecting the validity and regularity of the judgment." *Skok v. State*, 760 A.2d 647, 655 (Md. 2000) (quotation omitted). It was commonly used in civil cases, but seldom in criminal cases. *Sanders v. State*, 85 Ind. 318, 1882 WL 6389, at *4 (1882). While coram nobis was originally sought by initiating a new proceeding through a writ, in the United States "proceeding by motion is the modern substitute." *United States v. Mayer*, 235 U.S. 55, 67 (1914).

¶ 6. Early on, the U.S. Supreme Court recognized the availability of a common law writ of coram nobis, describing it as a means "to bring . . . errors in matters of fact which had not been put in issue or passed upon and were material to the validity and regularity of the legal proceeding itself," such as the minority or death of a party. *Id.* at 68. The Court described the writ narrowly as confined to addressing factual errors "of the most fundamental character" and not designed to raise questions such as newly discovered evidence; or the misbehavior or partiality of jurors. *Id.* at 69.

¶ 7. Following adoption of the federal habeas corpus statute, 28 U.S.C. § 2255, and Federal Rule of Civil Procedure 60, which abolished use of coram nobis in civil cases, "[i]t was far from clear that coram nobis was available in federal courts in 1948." 3 C. Wright & S. Welling, Federal Practice and Procedure § 624, at 649 (4th ed. 2011). In *United States v. Morgan*, 346 U.S. 502 (1954), the U.S. Supreme Court resurrected the doctrine, concluding that federal district courts had jurisdiction under the All Writs Act, 28 U.S.C. § 1651, to entertain petitions for coram nobis. 346 U.S. at 511. In *Morgan*, the defendant was serving an enhanced sentence based on a prior conviction. The defendant argued that the prior conviction was invalid because it was based on a guilty plea that he entered without the benefit of counsel. The defendant could not seek habeas corpus relief because he was no longer "in custody."

*Id.* at 510; see 28 U.S.C. § 2255 (providing means for "prisoner in custody under sentence" to challenge conviction). In concluding that the defendant could bring an application for a writ of coram nobis based on his lack of counsel — a fact known at the time of the plea hearing — the Court concluded that the writ reached legal errors " 'of the most fundamental character.' " *Id.* at 512 (quoting *Mayer*, 235 U.S. at 69); see *Korematsu v. United States*, 584 F. Supp. 1406 (N.D. Cal. 1984) (granting coram nobis relief based on prosecutorial misconduct of deliberately omitting relevant information in papers presented to court). The Court also emphasized that coram nobis is available only in cases where no other remedy exists and there are "sound reasons existing for failure to seek appropriate earlier relief." *Morgan*, 346 U.S. at 512.

¶ 8. Therefore, under the modern-day formulation in federal courts "coram nobis is broad enough to encompass not only errors of fact that affect the validity or regularity of legal proceedings, but also legal errors of a constitutional or fundamental proportion." 3 C. Wright & S. Welling, *supra*, § 624, at 650 (footnotes omitted).[1] It remains, however, limited to situations where a defendant has no other remedy available. *United States v. Folak*, 865 F.2d 110, 113 (7th Cir. 1988) ("Relief in the nature of a writ of coram nobis is only available to the extent that it has not been replaced by other statutory remedies.").

¶ 9. Because this federal law is procedural, states are not bound by it. State courts have adopted different approaches to the questions of whether coram nobis is available at all and, if so, whether it can be used to address both matters of fact and law. The uncertainty surrounding coram nobis is aptly described in the following quote:

> Our decisions are in such confusion on the writ of coram nobis that no one can tell where we stand. In

---

[1] While *Morgan* remains good law, the U.S. Supreme Court appears to have retreated from it somewhat in *Carlisle v. United States*, 517 U.S. 416 (1996), wherein the Court concluded coram nobis was not available to that particular defendant. The Court explained that coram nobis "was traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict." *Id.* at 429 (quoting *Mayer*, 235 U.S. at 67-68). In so doing, the Court relied on *Mayer*, but did not mention *Morgan*.

> writing on the subject we have wobbled and bobbled like a lost raft at sea. But we are not alone, as other courts likewise seem to be without mast and compass when sailing this sea. Reference to the texts and reported decisions of foreign jurisdictions will show that other courts are in the same state of confusion. The writ of coram nobis appears to be the wild ass of the law which the courts cannot control. It was hoary with age and even obsolete in England before the time of Blackstone, and courts who attempt to deal with it become lost in the mist and fog of the ancient common law.

*Anderson v. Buchanan*, 168 S.W.2d 48, 55 (Ky. 1943) (Sims, J., dissenting) (quotation omitted).

¶ 10. Nonetheless, some consistencies have emerged. As to viability of the remedy generally, most state courts recognize the writ "unless superseded or abolished by statute." *Sanders*, 1882 WL 6389, at *5; see Yackle, *supra*, § 9, at 40 ("Most courts took the view that absent an express statement of intent to abolish the common law writ, coram nobis remained in place to be applied in cases where the new remedies did not reach."). In those jurisdictions where courts have concluded that the writ was wholly abolished by PCR statutes, the holding is based on specific statutory language. See, e.g., *State v. Blakesley*, 2010 ME 19, ¶ 23, 989 A.2d 746 (holding that coram nobis was abolished by PCR statute); *Morris v. State*, 918 So. 2d 807, 808 (Miss. 2005) (holding that writ was "explicitly" abolished by statute).

¶ 11. As to the scope of relief available, the Supreme Court's decision to extend coram nobis to fundamental or constitutional legal errors has generally, although not uniformly, been followed by state courts. *Skok*, 760 A.2d at 658-59 (citing cases). In *Skok*, Maryland's highest court considered the issue, and concluded that the expansion of coram nobis to fundamental legal questions was "justified by contemporary conditions and public policy." *Id.* at 660. The court noted the substantial collateral consequences that may result from a conviction, even after a sentence has been completed, including the application of recidivist statutes in future prosecutions and the risk of deportation proceedings to non-citizens. *Id.* at 660-61. The court held:

> In light of these serious collateral consequences, there should be a remedy for a convicted person who is not

incarcerated and not on parole or probation, who is suddenly faced with a significant collateral consequence of his or her conviction, and who can legitimately challenge the conviction on constitutional or fundamental grounds.

*Id.* at 661.

¶ 12. In contrast, California has refused to expand the scope of coram nobis beyond its traditional application of providing a means to review newly discovered facts that affect the validity of the legal proceeding. *People v. Hyung Joon Kim*, 202 P.3d 436, 454 (Cal. 2009). This approach is followed in some other jurisdictions as well. See *Howard v. State*, 493 S.W.2d 14, 20 (Mo. Ct. App. 1973) (limiting review to errors of fact not known at time of trial); *Gregory v. Class*, 1998 SD 106, ¶ 18, 584 N.W.2d 873 (rejecting federal approach and limiting scope to review of errors of fact "that without the fault of the petitioner was unknown at the time of the questioned proceedings . . . without which the judgment would not have been entered"); *Jessen v. State*, 290 N.W.2d 685, 688 (Wis. 1980) (confining coram nobis to review of "error of fact not appearing on the record and which error would not have been committed by the court if the matter had been brought to the attention of the trial court").

¶ 13. Vermont decisions have long recognized the general availability of coram nobis. In *Beardsley v. Gordon's Administrator*, 3 Vt. 324, 325 (1830), this Court explained that "a writ of error *coram nobis* will lie for error *in fact*, . . . [but] it does not lie for error *in law*." This Court later described the function of the writ more precisely as follows: "to call to the attention of the trial court facts and circumstances outside the record which would have precluded the entry of judgment had such facts been known and established at the time of the conviction." *In re Garceau*, 124 Vt. 220, 221, 202 A.2d 266, 266 (1964) (per curiam). Following adoption of the Rules of Civil Procedure in 1971, the writ was explicitly abolished in civil cases. V.R.C.P. 60(b) ("Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of bills of review are abolished as means of reopening judgments entered under these rules, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.").

¶ 14. In prior cases, defendants have attempted to rely on coram nobis in criminal proceedings, but for various reasons this

Court has not yet addressed the writ's applicability to proceedings governed by the Vermont Rules of Criminal Procedure. See *State v. LeClaire*, 2003 VT 4, ¶ 20, 175 Vt. 52, 819 A.2d 719 (declining to reach issue of coram nobis where relief through PCR was available to defendant); *In re Garceau*, 124 Vt. at 221, 202 A.2d at 266 (dismissing for lack of original jurisdiction petition for writ of coram nobis based on plea being allegedly induced by fraud because petition was filed initially in Supreme Court).

■ ¶ 15. Thus, we address this threshold legal question. As noted, coram nobis was originally part of this state's common law. *Beardsley*, 3 Vt. at 325. Generally, common law principles and remedies are available unless "repugnant to the constitution or laws" of this state. 1 V.S.A. § 271. The PCR statute provides a means for those "in custody under sentence" to vacate, set aside or correct an invalid sentence, but does not mention the writ of coram nobis. 13 V.S.A. § 7131. Similarly, the criminal rules set out various forms of post-judgment relief, see, e.g., V.R.Cr.P. 33 (motion for a new trial); V.R.Cr.P. 34 (motion for arrest of judgment); V.R.Cr.P. 35 (motion to modify sentence), but, unlike the civil rules, do not address coram nobis explicitly, cf. V.R.C.P. 60(b).

■ ■ ¶ 16. As noted, the U.S. Supreme Court decided that a federal prisoner's right to petition for the common law writ of coram nobis was not abolished by the similarly worded Federal Rule of Civil Procedure 60(b) because such a petition is part of the original criminal case, not a separate civil proceeding. *Morgan*, 346 U.S. at 505-06 n.4. Further, neither the federal habeas corpus statute nor Federal Rule of Criminal Procedure 33 pertaining to motions for a new trial abolished coram nobis, which remains a viable remedy to invalidate a defective criminal conviction when other collateral relief is unavailable. See *id.* at 511 (explaining that availability of habeas corpus does not entirely supplant coram nobis); *United States v. Oren*, 622 F. Supp. 936, 938 (W.D. Mich. 1985) (explaining that Federal Rule of Criminal Procedure 33 and 28 U.S.C. § 2255 do not "provide an effective means of collateral attack in all cases" and that coram nobis "fill[s] the gaps"). We reach a similar conclusion. Because the Vermont PCR statute and the criminal rules are silent on the issue, we conclude that the common law remedy of coram nobis is a viable means for challenging criminal convictions. It may be used when no other

remedy is available, but may not be used to supplant relief through direct appeal, post-judgment motion or PCR petition.[2]

¶ 17. Applying this principle to defendant's situation, we conclude that defendant was eligible to file a PCR petition and thus precluded from seeking relief through coram nobis. A person "who is in custody under sentence" may bring a PCR petition "to vacate, set aside or correct the sentence." 13 V.S.A. § 7131. A person is "in custody" for purposes of the PCR statute if he is serving a sentence enhanced by the challenged conviction. *In re Stewart*, 140 Vt. 351, 359-60, 438 A.2d 1106, 1109 (1981); see *State v. Boskind*, 174 Vt. 184, 192, 807 A.2d 358, 365 (2002) (holding that where defendants seek to challenge predicate convictions used to enhance current sentence, proper avenue for relief is through PCR proceeding).

¶ 18. Thus, although defendant is no longer serving his 1993 sentence, his allegation that the 1993 sentence is being used to enhance a current federal sentence puts him within the ambit of our PCR statute. In the context of a PCR proceeding, defendant can raise the issues referred to in his motion, including the adequacy of the Rule 11 colloquy and the effectiveness of trial counsel. See *In re Laws*, 2007 VT 54, ¶ 9, 182 Vt. 66, 928 A.2d 1210; *Boskind*, 174 Vt. at 192, 807 A.2d at 365 (holding that challenge to district court's compliance with Rule 11 in prior pleas should be·done through a PCR proceeding). Because an alternative remedy was available to him, we conclude that the criminal division properly dismissed defendant's motion for coram nobis. Given our resolution of the case, we do not reach the questions concerning the scope of coram nobis.

*Affirmed.*

---

[2] We note that while a PCR petition must be filed in the civil division "of the county where the sentence was imposed," 13 V.S.A. § 7131, a petition for a writ of coram nobis must be brought in the court that rendered judgment, that is the criminal division. *In re Garceau*, 124 Vt. at 221, 202 A.2d at 266. This different venue designation does not alter the relevance of PCR availability to determining whether an alternative remedy is available.