13-464-cr
UNITED STATES v. QUINTIERI

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of November, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         BARRINGTON D. PARKER,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                    13-464-cr

ERNESTO QUINTIERI,
        Defendant-Appellants.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          ROBERT J. ADINOLFI, LOUIS & ADINOLFI, NEW YORK, New York.

FOR APPELLEES:          PETER A. NORLING (with AMY BUSA on the brief), Assistant United States Attorneys, for LORETTA E. LYNCH, United States Attorney for the Eastern District of New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Platt, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Ernesto Quintieri ("appellant") appeals the judgment denying his petition for a writ of <u>audita querela</u>. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review <u>de novo</u> a district court's denial of such a writ. <u>See</u> <u>United States v. Richter</u>, 510 F.3d 103, 104 (2d Cir. 2007). A writ of <u>audita querela</u> is an extraordinary remedy under the All Writs Act, 28 U.S.C. § 1651(a), and is generally available only if "the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues." **<u>Id.</u>** The writ is generally not available to review a criminal conviction if the petitioner could have raised his or her claims in a 28 U.S.C. § 2255 motion. <u>See id.</u> ("[The writ of <u>audita querela</u>] is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.") (internal quotation marks omitted); <u>see also</u> <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1079 (9th Cir. 2001) (<u>per curiam</u>) (noting that the writ "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief"). Similarly, "if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of <u>audita querela</u> would lie." <u>Richter</u>, 510 F.3d at 104.

On October 6, 2000, Appellant was sentenced to 366 days' imprisonment based on his guilty plea to one count of knowingly possessing a counterfeit check with the intent to deceive another person, in violation of 18 U.S.C. § 513(a).

Appellant argues that, at the time of his sentencing, defense counsel failed to advocate for a downward departure to a 364-day sentence (as opposed to the year-and-a-day

2

sentence imposed), so that Appellant, then a lawful permanent resident, would not have been subjected to automatic removal from the United States for having committed an aggravated felony.

A claim of ineffective assistance of counsel on the ground that Appellant's attorney failed to argue for a downward departure and a 364-day sentence was cognizable on direct appeal and under § 2255. It is true, as Appellant points out, that at the time of the sentencing, we had not yet held that an attorney's failure to inform a client of the deportation consequences of a guilty plea or sentence (rather than affirmative misadvice of those consequences) constitutes ineffective assistance. However, we signaled support for such a claim well within the time period in which Appellant could have brought a § 2255 petition. See United States v. Couto, 311 F.3d 179, 187-88 (2d Cir. 2002) ("[O]n some occasions, we have suggested that an attorney does have a duty to provide that information. . . . Moreover, recent Supreme Court authority supports this broader view of attorney responsibility as well.") (citations omitted). Therefore, the basis for the present petition was not legally foreclosed during the time period during which he could have brought a § 2255 petition.[1]

---

[1] Even if it had been foreclosed, the U.S. Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356, 130 (2010), holding that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea, on which Appellant's claim is ultimately founded, is not afforded retroactive application. Chaidez v. United States, 133 S. Ct. 1103, 1110-11 (2013). Appellant may not employ the writ of audita querela to circumvent the retroactivity limitations imposed by Congress and the Supreme Court on postconviction remedies--at least where, as here, Appellant's claim does not raise serious constitutional questions regarding the validity of § 2244 and § 2255: when a rule of law is "new" such that it is not made retroactive on collateral review, the "true impediment [to bringing that claim under § 2255] is [the new rule] itself, not the remedy by § 2255 motion." Love v. Menifee, 333 F.3d 69, 74 (2d Cir. 2003) (appellant barred from raising Apprendi challenge). Thus, "[b]ecause the section 2255 gatekeeping

3

Accordingly, this alleged failure by Appellant's counsel does not provide a basis for a granting of the writ of <u>audita querela</u>.

For the foregoing reasons, and finding no merit in Appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK

---

provisions are not responsible for [Appellant's] inability to raise his [<u>Padilla</u>-based] claim, there can be no 'serious constitutional question' raised by requiring him to proceed under that section."  <u>Id.</u>