*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-429

MARCH TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Franklin Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Kevin Terrance Shea a/k/a Eejipp Ala | } | DOCKET NO. 184/185-3-04 Frcr |

Trial Judge: Martin Maley

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from the trial court's ruling on his petition for a writ of coram nobis. He argues that the trial court erred in ruling that he needed to proceed in the civil division rather than in the criminal division. We affirm the court's dismissal of the petition.[1]

Defendant pled guilty in March 2005 to several criminal charges pursuant to a plea agreement. The trial court docket entries indicate that defendant was sentenced to five-to-ten years to serve for possession of cocaine, all suspended, with defendant placed on probation with the condition that he not be discharged from probation "for at least 15 years"; and ten-to-fifteen years to serve, beginning March 2005, for felony aggravated assault. Defendant moved to withdraw his plea, and then filed a notice of appeal. We held on appeal that defendant had entered into his pleas voluntarily after consulting with counsel, and that there was no violation of Vermont Rule of Criminal Procedure 11. See State v. Ala, No. 2005-156, 2006 WL 5866275 (Vt. June 2006) (unrep. mem.). Following this decision, defendant filed numerous motions to reconsider his sentence, all of which were denied. In September 2013, defendant filed this petition for a writ of coram nobis. He asserted that he had received ineffective assistance of counsel in connection with the plea agreement referenced above. The motion was sent from a prison address. The trial court ruled that defendant needed to seek relief in the civil division rather than the criminal division. Defendant moved for reconsideration, which the court denied. This appeal followed.

Defendant argues that he filed his petition in the appropriate division. He maintains that he has exhausted all other remedies, and he states, for the first time on appeal, that he will "max out" his sentence in this case, and begin another one, on March 1, 2014.

Defendant is correct that "a petition for a writ of coram nobis must be brought in the court that rendered judgment, that is the criminal division." State v. Sinclair,

---

[1] The order of the court was "refer to Civil Division." We interpret it as a denial of the motion in the criminal division that effectively brings that proceeding to an end. As petitioner argues, and we agree, a petition for a writ coram nobis cannot be filed in the civil division.

2012 VT 47, 16 n.2, 191 Vt. 489.  We have made clear, however, that the common law remedy of coram nobis may be used only "when no other remedy is available," and it "may not be used to supplant relief through direct appeal, post-judgment motion or PCR petition."  Id. ¶ 16.  Although petitioner has informed us in his brief that he will have completed his sentence for one charge on March 1, 2014, and will start serving the sentence on another charge, he has not alleged that he is barred from bringing a PCR petition based on the ineffective assistance of counsel he has alleged.  Indeed, there is no indication in the record that he informed the trial court that his sentence on one offense would end in the near future.  Moreover, the decision of the trial court came before the end of that sentence when he was undeniably in custody under sentence as required for a PCR.

We also note that petitioner filed PCR petitions in 2006, 2008 and 2009, raising some of the same issues he raised in his coram nobis petition; we affirmed summary judgment against petitioner on the latter petition generally because his voluntary and knowing plea of guilty waived any pretrial errors.  In re Ala, No. 2009-476, 2010 WL 7794411 (Vt. July 16, 2010).  We further understand that petitioner has a PCR pending in the superior court, civil division, in Franklin County.[2]  In re Ala, No. 279-6-13 Frcv.  Thus, petitioner was clearly aware of how to file a PCR petition and raise the issues he attempted to raise in his coram nobis petition.  Because the record is clear that petitioner could have filed a PCR petition rather than a petition for a writ of coram nobis, he is precluded from seeking relief through coram nobis.  See Sinclair, 2012 VT 47, ¶ 17 (reaching a similar conclusion).  His petition was therefore properly dismissed.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice

---

[2]  Apparently, there is a settlement pending in that case that requires petitioner to dismiss other cases, possibly including this one.  A lawyer for the Prisoner's Rights Office of the Defender General's office attempted to enter this case to dismiss it, but petitioner objected to his appearance.