*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2014-425

FEBRUARY TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Elliot Russell | } | DOCKET NO. 1406-12-07 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a decision of the superior court, criminal division, denying his motion for a new trial pursuant to Vermont Rule of Criminal Procedure 33. We affirm.

In 2009, defendant was convicted by a jury of aggravated assault based on an incident that occurred in 2007. Defendant appealed, and this Court affirmed the conviction, rejecting his arguments that the State's evidence did not support the conviction and that the trial court erred by admitting certain evidence and by refusing to give the jury a simple-assault instruction. See State v. Russell, 2011 VT 36, 189 Vt. 632 (mem.).

Defendant then filed a petition for post-conviction relief (PCR) in the fall of 2011. He argued in an amended petition, among other things, that his trial counsel was ineffective for failing to interview a potential witness. This potential witness would have testified that he saw the incident that led to the charges against defendant and observed a man who did not fit defendant's description attack the victim. This argument was based on an affidavit signed by the potential witness in July 2013 stating that he witnessed another male dressed in red attack the victim. In January 2014, the superior court, civil division, granted the State's motion for summary judgment with respect to the amended petition, ruling that: (1) defendant's trial counsel was not ineffective because police reports indicated that at the time of the incident the potential witness had denied seeing the assault, and thus his attorney would not have had any reason to interview that person; and (2) in any event, defendant could not show a reasonable probability that the outcome of his trial would have been different had the potential witness testified, given that his description of the attacker did not match the description of anyone at the scene of the crime and that his new statement would have been impeached with his initial statement to police and could not overcome the significant evidence of defendant's guilt, including eyewitness identifications of defendant by the victim and other witnesses.

Meanwhile, in November 2013, while his PCR petition was still pending, defendant filed a motion for a new trial pursuant to Vermont Rule of Criminal Procedure 33 and Vermont Rule of Civil Procedure 60(b), arguing that the affidavit of the potential witness was newly discovered evidence that entitled him to a new trial. At the scheduled October 3, 2014 hearing on the motion, the parties agreed that the court could decide the motion based solely on the criminal

trial transcript, the record of the PCR proceeding, and the parties' memoranda on the motion.  In an October 15, 2014 decision, the superior court denied the motion as untimely filed.  See V.R.Cr.P. 33 ("A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case."); see State v. Grega, 170 Vt. 573, 575 (1999) (stating that court lacks subject matter jurisdiction to consider untimely filed Rule 33 motion).  The court ruled that the motion was untimely because defendant filed the motion more than two years after this Court affirmed his conviction.  See V.R.Cr.P. 33, Reporter's Notes (stating that two-year period for filing motion based on newly discovered evidence "runs from the date of affirmance in the Supreme Court" if appeal is taken).

On appeal, defendant argues that the criminal division erred by not reaching the merits of his claim pursuant to the doctrine of coram nobis.  We find no merit to this argument.  We first note that although defendant does not argue plain error on appeal, he does not appear to have raised this doctrine in the proceedings below.  See State v. Yoh, 2006 VT 49A, ¶ 36, 180 Vt. 317 ("When an issue has been forfeited through a party's failure to raise it below . . . we may consider it only under the rubric of plain error.").  In any event, we find no error at all.  Although the doctrine of coram nobis "is a viable means for challenging criminal convictions," it is available only "when no other remedy is available."  State v. Sinclair, 2012 VT 47, ¶ 16, 191 Vt. 489.  It "may not be used to supplant relief through direct appeal, post-judgment motion or PCR petition."  Id. (concluding that defendant "was eligible to file a PCR petition and thus precluded from seeking relief through coram nobis").  Here, not only was defendant eligible to file a PCR petition, but he did so and raised the exact same issue he seeks to raise by way of coram nobis. He contends that the standards are different, but we have specifically ruled that the availability of a PCR petition precludes relief based on coram nobis, and, in any event, the standards are remarkably similar.  Compare Strickland v. Washington, 466 U.S. 668, 694 (1984) (stating that PCR petitioner must show reasonable probability that result of proceeding would have been different) with State v. Smith, 145 Vt. 121, 130-31 (1984) (setting forth five-part test warranting new trial based on newly discovered evidence, including that "it must appear that the new evidence would probably change the result upon retrial").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice