Dooley, J.,
¶ 17. dissenting. While I acknowledge that the methods defendant chose to modify the DUI-3 conviction are unavailable, and join the majority’s analysis of those remedies, I believe the deficiency is in how defendant labeled his request, not whether relief is available. I do not believe that the majority would dispute that if defendant had successfully applied for sealing of the earlier convictions before his conviction in 2014 for DUI-3, the two earlier convictions could not have been used for enhancement and the conviction would have been for DUI-1.[4] The Legislature clearly intended that there should be no collateral consequences from a conviction in a case sealed under 33 V.S.A. § 5119(g). Indeed, if that were not true, it is hard to understand the purpose of the statute.
¶ 18. Thus, the barrier to defendant’s relief is caused solely by the timing of his application for relief under that statute. Apart *393 from the limitations in the methods of relief defendant employed, I see no reason to deny relief simply because he had his convictions sealed later rather than sooner. While supporting the need for finality of judgments, the majority acknowledges that defendant can challenge an enhanced sentence based on the invalidity of a predicate conviction, see State v. Boskind, 174 Vt. 184, 188, 807 A.2d 858, 862 (2002), although normally the conviction is challenged through post-conviction relief (PCR) proceedings. See id. at 191, 807 A.2d at 865. In that way, criminal judgments containing an enhanced sentence are always subject to later corrective action, and total finality is not achievable.
¶ 19. It would, however, be foolish to see PCR as a remedy in this circumstance. In Boskind, the purpose of the PCR was to determine whether one or more of the predicate convictions could be set aside for noncompliance with Vermont Rule of Criminal Procedure 11. Here, it has already been determined that the convictions cannot be used for enhancement purposes. Thus, a PCR proceeding would be an unnecessary formality, with the State having no defense. I would not require defendant to file a PCR in this situation.
¶ 20. Moreover, even if defendant were required generally to file a PCR, he cannot do so here. He is no longer in custody under sentence for the DUI-8. His sentence ended when he completed his sentence and his probation was terminated.[5] As both his home confinement and probation have ended, defendant is no longer a person “in custody under sentence of the court” entitled to “vacate, set aside or correct the sentence” pursuant to 18 V.S.A. § 7181. In re Collette, 2008 VT 186, ¶ 2, 185 Vt. 210, 969 A.2d 101 (noting probationers in custody for PCR purposes); see also State v. Sinclair, 2012 VT 47, ¶ 17, 191 Vt. 489, 49 A.3d 152 (affirming defendant in custody for PCR purposes if “serving a sentence enhanced by the challenged conviction”)
¶ 21. When PCR is unavailable either because it is inappropriate or defendant does not meet the custody requirement, there is an alternative: the common-law remedy of coram nobis.[6] See Sinclair, 2012 VT 47, ¶ 1 (acknowledging the continuing life of the common- *394 law coram nobis remedy). Coram nobis originated as a writ for “correcting clerical or factual errors,” D. Bench, Collateral Review of Career Offender Sentences: The Case for Coram Nobis, 45 U. Mich. J.L. Reform 155, 183 (2011), and was described by William Blackstone as a “ ‘proceeding to reverse a judgment by writ of error in the same court, where the error complained of is in fact and not in law, and where of course no fault is imputed to the court in pronouncing its judgment.’ ” Id. (quoting 2 W. Blackstone, Commentaries on the Laws of England: In Four Books, 411-12 n.12 (G. Sharswood ed., J.B. Lippincott & Co. 1879)). Federally available only in criminal cases, this remedy must be “sought before, and issued by, the courts that imposed the original sentences,” id.; it is a “step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding.” United States v. Morgan, 346 U.S. 502, 505 n.4 (1954).
¶ 22. The U.S. Supreme Court recently reaffirmed the availability of coram nobis in United States v. Denedo, 556 U.S. 904
*395 (2009), where, to avoid deportation, a respondent had filed a petition for coram nobis to vacate an earlier conviction on the grounds his guilty plea resulted from ineffective assistance of counsel, as his attorney had erroneously assured the respondent he would avoid any risk of deportation if he agreed to plead guilty. Id. at 907-08. The high court acknowledged that in its modern form coram nobis is “broader than its common-law predecessor,” which was confined to “technical errors.” Id. at 911. Instead, the remedy may today be used to “‘correct errors of fact,’ ” id. at 910 (quoting Morgan, 346 U.S. at 507), in “ ‘extraordinary’ ” cases where its use is necessary “ ‘to achieve justice’ ” and no alternative remedies, such as habeas corpus, are available. Id. at 911 (quoting Morgan, 346 U.S. at 510-11). See also Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998) (per curiam) (outlining three-part test for coram nobis requiring a petitioner to demonstrate that “1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 8) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.”).
¶ 23. Similarly, we acknowledged the continued availability of coram nobis in Sinclair, 2012 VT 47, ¶ 1, where a defendant petitioned for a writ of coram nobis to vacate a nineteen-year old conviction on the basis that his plea had been entered involuntarily. In reaching our holding, we noted both the U.S. Supreme Court’s decision to extend coram nobis to “fundamental or constitutional legal errors,” id. ¶ 11, as well as the fact that common-law remedies remain available “unless ‘repugnant to [our] constitution or laws.’ ” Id. ¶ 15 (quoting 1 V.S.A. § 271). We followed the reasoning of the federal high court to conclude that because the Vermont PCR statute and criminal rules are silent on the issue, coram nobis remains a “viable means for challenging criminal convictions” that may be used “when no other remedy is available,” rather than to “supplant relief through direct appeal, post-judgment motion or PCR petition.” Id. ¶ 16.
¶ 24. Although the defendant in Sinclair was ultimately ineligible, I believe coram nobis is ideally suited for individuals in defendant’s position. As the majority recognizes, DUI-8 is a separate offense as defined in 28 V.S.A. § 1210(d). To convict a defendant of DUI-8, the State must plead and prove the predicate *396 convictions, and the jury must find each of them as a fact.[7] State v. Cameron, 126 Vt. 244, 249, 227 A.2d 276, 279 (1967). Here, defendant seeks to correct an error of fact; that is, he seeks to show that the predicate convictions no longer exist and that the most recent DUI judgment must be amended to reflect the absence of predicate convictions. Moreover, in his brief to this Court and at oral argument, defendant has noted that although he has already served his sentence, he continues to suffer the consequences imposed on felony offenders, including proscriptions on owning a gun and a deleterious impact on employment opportunities, which may render a grant of the writ necessary to “achieve justice.” Denedo, 556 U.S. at 911 (quotation omitted). This is exactly the function of coram nobis.
¶ 25. I recognize that defendant never uttered the words “coram nobis,” but he alleged that the judgment was erroneous because of the absence of the predicate conviction. I would reverse the denial of defendant’s motion to amend the judgment and remand to the court with direction to consider defendant’s motion as based on “coram nobis.”
¶ 26. For the foregoing reasons, I dissent from the decision to affirm the court decision.

 Under 23 V.S.A. § 1210(d), a defendant commits DUI-3 if he or she is convicted of violating 23 V.S.A. § 1201, the statute that defines the crime of DUI, at a time when the defendant has previously been convicted twice for violations of that section. Thus, the triggering date is the date of conviction.

 Judge Crucitti granted defendant’s “Petition for Discharge from Probation for Satisfactory Completion” on August 19, 2015.

 There is also a strong possibility that the related doctrine of audita querela can be utilized to collaterally attack defendant’s conviction. Audita querela is a “writ available to a judgment debtor who seeks a rehearing of a matter on grounds of *394 newly discovered evidence or newly existing legal defenses.” Black’s Law Dictionary 156 (10th ed. 2014). It is “of a most remedial nature” and was invented “lest in any case there should be an oppressive defect of justice, where a party who has a good defence is too late making it in the ordinary forms of law.” Humphreys v. Leggett, 50 U.S. 297, 313 (1850). It is an “extraordinary remedy” generally available “only if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues.” United States v. Quintieri, 547 F. App’x 32, 33 (2d Cir. 2013) (quotation omitted). The Second Circuit has determined that while audita querela is available in “very limited circumstances,” United States v. Sperling, 367 F. App’x 213, 214 (2d Cir. 2010), it may be used “where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.” United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). See also United States v. Salgado, 692 F. Supp. 1265, 1269 (E.D. Wash. 1988) (vacating 24 year old tax-evasion conviction that had caused INS to deny defendant amnesty because audita querela “appears sufficiently broad to encompass the scenario presented here where [defendant] seeks relief against the consequenees of the judgment” (internal quotations omitted)). Accord United States v. Ghebreziabher, 701 F. Supp. 115, 117 (E.D. La. 1988).
In Vermont, audita querela appears to have been applied only in the civil context. See, e.g., Walter v. Foss, 67 Vt. 591, 592-93, 32 A. 643, 643 (1895) (“The peculiar office of audita querela is to vacate a judgment that has been procured by the fraud or other misconduct of the opposite party. It is not available where the injury of which the plaintiff complains is attributable to his own neglect, nor to correct an error of the court in rendering the judgment.”). We have never ruled that it is ineligible for use in criminal cases.

 This statutory requirement demonstrates another difficulty caused by the majority’s holding. If defendant was charged tomorrow with another DUI, it could not be charged as DUI-4. 23 V.S.A. § 1210(e)(1) requires the State to prove that an individual has “previously been convicted three or more times” of a drunken driving violation; here, the State would be unable to prove defendant’s first two convictions, which have now been sealed. Accordingly, defendant could only be charged with DUI-2, a result seemingly incongruous with his status as a felony offender for DUI-3.