NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 61

No. 2017-277

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Caledonia Unit, |
| | Criminal Division |
| | |
| Aaron Cady | January Term, 2018 |

Elizabeth D. Mann, J.

Maria L. Byford, Caledonia County Deputy State's Attorney, St. Johnsbury, for
  Plaintiff-Appellee.

David C. Sleigh and Kyle L. Hatt of Sleigh Law, St. Johnsbury, for Defendant-Appellant.


PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1.     **EATON, J.**  Defendant Aaron Cady appeals the trial court's decision, rejecting his coram nobis petition challenging the validity of the plea colloquy preceding his conviction for driving under the influence, second offense (DUI-2). We conclude the writ of error coram nobis is unavailable to defendant; thus, we affirm, but on different grounds.

I. Facts and Procedural History

¶ 2.     Defendant was convicted of his first DUI in 2006. In March 2012, defendant was convicted of DUI-2 following entry of a guilty plea. The 2012 plea colloquy for the DUI-2 included the following exchange:

[THE COURT:] What the State says you did is that, on November 4th of 2011, at Lyndon, [you] operated a motor vehicle, specifically a Jeep Wrangler, on a public highway, that being U.S. Route 5, when you had an alcohol concentration that exceeded .08 percent. Specifically, the alcohol concentration was .214 percent. And that you had previously been convicted of driving under the influence back in January of 2006. Do you agree that the State has enough evidence to prove you did that beyond a reasonable doubt?

THE DEFENDANT: Yes.

THE COURT: To the charge of driving under the influence, second offense, how do you plead?

THE DEFENDANT: Guilty.

THE COURT: The Court will accept your guilty plea, find it was made knowing and voluntarily and that there is a factual basis for the charge.

¶ 3.     The court found the plea was made knowingly and voluntarily and entered a guilty judgment. Defendant was sentenced and placed on probation. He did not appeal the DUI-2 conviction. After complying with all sentencing terms, the trial court discharged defendant from probation in October 2013.

¶ 4.     In January 2017, defendant was charged with DUI-3. In June 2017, defendant filed a petition for coram nobis in the DUI-2 docket, alleging that the trial court failed to ensure that a factual basis existed for the plea under Vermont Rule of Criminal Procedure 11(f) in that case. Defendant asserted that he would suffer collateral consequences because the DUI-2 conviction would be used to enhance the penalty for the pending DUI-3 charge. The trial court denied defendant's petition for coram nobis. It concluded that although coram nobis was available because defendant had no other remedy available to challenge the DUI-2 conviction, his plea colloquy nevertheless satisfied Rule 11(f). In so finding, the trial court concluded that the change-of-plea court sufficiently inquired into the facts as they relate to each element of the offense.

2

¶ 5.     As a threshold matter, we must decide whether coram nobis is available to defendant to challenge the adequacy of the plea colloquy preceding his DUI-2 conviction based on the fact that the conviction may be used to enhance his sentence in his pending DUI-3 case.

¶ 6.     Determining whether coram nobis is available to defendant is a matter of law that we review de novo.  See State v. Sinclair, 2012 VT 47, ¶¶ 15-17, 191 Vt. 489, 49 A.3d 152 (applying a de novo standard to review coram nobis petition on appeal).

## II.  Availability of Coram Nobis

¶ 7.     The issue here is whether a defendant who is not currently suffering a collateral consequence of an enhanced sentence, but faces the threat of an enhanced sentence due to a prior conviction, may preemptively challenge the plea colloquy preceding the prior conviction using coram nobis.  We conclude that because individuals, like defendant, can raise the adequacy of a plea colloquy in a prior conviction through post-conviction relief (PCR) proceedings once sentenced, coram nobis relief is not available.

¶ 8.     Despite its ancient origins, this Court has recognized the continued existence of the writ of coram nobis in criminal proceedings.[1]  See id. ¶ 16 ("[W]e conclude that the common law remedy of coram nobis is a viable means for challenging criminal convictions.").  Traditionally used as a post-trial remedy to correct factual errors "affecting the validity and regularity of the judgment," id. ¶ 5 (quotation omitted), coram nobis provides the trial court with an opportunity to correct its own record "to prevent an injustice."  In re Garceau, 124 Vt. 220, 221, 202 A.2d 266, 266 (1964) (per curiam).  The writ is used only in extraordinary cases to correct errors when "necessary to achieve justice."  State v. Rosenfield, 2016 VT 27, ¶ 24, 201 Vt. 383, 142 A.3d 1069 (Dooley, J., dissenting) (quotation omitted).  Coram nobis relief is only available as a last resort and cannot supplant other forms of relief such as direct appeal, post-judgment motions, or PCR

---

[1] Coram nobis was abolished as a civil remedy by Vermont Rule of Civil Procedure 60(b) in 1971.

petitions under 13 V.S.A. § 7131. Sinclair, 2012 VT 47, ¶ 16; United States v. Morgan, 346 U.S. 502, 512 (1954).

¶ 9. In State v. Sinclair, the defendant had a prior DUI conviction based on a guilty plea and filed a petition for coram nobis after the prior DUI was used to enhance a sentence being served at that time. We reiterated that although coram nobis remained a viable means for challenging criminal convictions, it was only to be used when "no other remedy" was available. Sinclair, 2012 VT 47, ¶ 16. We concluded that the defendant could not avail himself of coram nobis because he was " 'in custody' " by virtue of the enhanced sentence and therefore was eligible to file a PCR petition to challenge the adequacy of his plea colloquy in his predicate conviction. Id. ¶ 17 (quoting 13 V.S.A. § 7131).

¶ 10. Defendant's situation is similar in many ways to the situation faced by the defendant in Sinclair. Defendant is attempting to use coram nobis to challenge the adequacy of a plea colloquy in a prior DUI conviction because that DUI conviction will be used to enhance a subsequent sentence in the event of conviction on the current charge. Defendant's situation differs from that in Sinclair only in that he has not yet been convicted of the DUI-3 and is not yet serving the enhanced sentence.[2] Because he is not yet serving the enhanced sentence, defendant alleges that he is not "in custody under sentence," 13 V.S.A. § 7131, for purposes of the PCR statute and therefore without any remedy except coram nobis.

¶ 11. We hold that this difference does not alter the outcome. Coram nobis is the remedy to be used when all other avenues of relief are closed. Defendant has another avenue to challenge the alleged error he seeks to remedy. We acknowledge that PCR relief is not immediately available, but it will be when, and if, defendant begins to suffer the collateral consequence of an enhanced conviction involving a custodial sentence. This holding is consistent with this Court's

---

[2] It appears from the trial court docket entries that the court in the DUI-3 case placed that case on hold until after resolution of this appeal.

4

direction that PCR is the correct—and only—vehicle for defendants seeking to challenge the validity of a plea colloquy in a prior conviction that may be used to enhance a sentence in a subsequent charge. See Sinclair, 2012 VT 47, ¶ 17 (concluding defendant "in custody" and challenging enhanced sentence was eligible to seek PCR and was thus precluded from seeking coram nobis relief); State v. Boskind, 174 Vt. 184, 192, 807 A.2d 358, 365 (2002) (holding that defendants must wait until after receiving enhanced sentence to challenge prior conviction through PCR).

¶ 12.    In Boskind, the defendant sought to challenge the adequacy of a plea colloquy in a prior conviction during the sentencing phase of the subsequent charge. We held that Rule 11(f) challenges to predicate convictions must be brought in PCR proceedings following conviction, rather than at the sentencing hearing on the enhanced offences. Boskind, 174 Vt. at 192, 807 A.2d at 365. In sum, Boskind established that "[i]f defendants choose to challenge the [trial] courts' compliance with V.R.Cr.P. 11 in taking defendants' prior pleas, they must do so in PCR proceedings pursuant to 13 V.S.A. § 7131." Id. Citing Boskind in In re Collette, we reiterated that "except where a defendant claimed a prior conviction was obtained in violation of his Sixth Amendment right to counsel, attacks on the validity of prior convictions may not be made before sentencing, but must be pursued under the PCR statutes after an enhanced sentence is imposed." 2008 VT 136, ¶ 9, 185 Vt. 210, 969 A.2d 101 (emphases added).

¶ 13.    Here, defendant attempts to challenge his DUI-2 conviction prior to receiving a conviction or an enhanced penalty on his pending DUI-3. In doing so, he seeks to circumvent this Court's precedent that filing a PCR petition is the proper method for collaterally challenging a predicate conviction based on Rule 11(f) compliance. Defendant maintains that, because he is not in custody under 13 V.S.A. § 7131 and thus cannot currently file for PCR, coram nobis is his only remedy. However, as explained above, coram nobis is not intended to provide a remedy for individuals who have alternate avenues of relief available, but simply have not yet attained or

5

exercised them. Coram nobis can only be utilized when all other remedies have been exhausted. Sinclair, 2012 VT 47, ¶ 16. That is not the situation here. If defendant is convicted and receives an enhanced sentence on his DUI-3 charge, he may file a PCR petition to challenge the plea colloquy at issue here. As such, this is not a situation where "no other remedy is available," id., and therefore coram nobis is not available.

¶ 14. In sum, we conclude that the writ of error coram nobis is not available to challenge prior convictions based on alleged Rule 11(f) violations because, in the event of a conviction for DUI-3, PCR may be used to address that alleged wrong. Boskind, 174 Vt. at 192, 807 A.2d at 365. Accordingly, defendant is not eligible for coram nobis, and we do not reach the merits of his Rule 11(f) challenge.

Affirmed.

FOR THE COURT:

_____

Associate Justice

6