VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-277

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JANUARY TERM,   2024

State of Vermont v. Walter M. Taylor III*  }  APPEALED FROM:
                                           }
                                           }  Superior Court, Windham Unit,
                                           }  Criminal Division
                                           }  CASE NO. 34-1-18 Wmcr
                                              Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Defendant Walter M. Taylor III appeals pro se from the criminal division's denial of his petition for a writ of coram nobis. We affirm.

The record reflects the following. In 2018, pursuant to an agreement with the State, defendant pleaded guilty in this docket to one count of obstruction of justice. The information originally alleged that defendant "corruptly or by threats or force endeavored to obstruct or impede the due administration of justice, in violation of 13 V.S.A. § 3015." Prior to defendant's plea, the State amended the charge to strike the words "or by threats or force" and "obstruct or." Thus, defendant was convicted of corruptly endeavoring to impede the due administration of justice. He was discharged from probation in 2020.

Defendant filed a petition for a writ of coram nobis in 2023, arguing that his conviction should be vacated because following his plea, this Court clarified in State v. Kuhlmann, 2021 VT 52, 215 Vt. 290, that "by threats or force" is an essential element of the crime of obstruction of justice. He alleged that his 2018 conviction was an "aggravating factor" in a sentence he is now serving, and that no other relief is available because he is ineligible for expungement and unable to petition for post-conviction relief (PCR) as he is not in custody under sentence.

The criminal division denied defendant's petition in a brief decision, concluding that it could discern no basis for relief in his filing and observing that other avenues for redress, including a PCR petition, may be available to him. This appeal followed.

Coram nobis is an ancient common-law writ. State v. Sinclair, 2012 VT 47, ¶ 5, 191 Vt. 489. We have recognized its continued viability as a means for challenging criminal convictions in "extraordinary cases to correct errors when necessary to achieve justice." State v. Cady, 2018 VT 61, ¶ 8, 207 Vt. 581 (quotation omitted). The writ may be invoked only where no other remedy is available, and thus "cannot supplant other forms of relief such as direct appeal, post-judgment motions, or PCR petitions." Id.; see also Sinclair, 2012 VT 47, ¶ 16.

Whether coram nobis is available to defendant and defendant's argument under Kuhlmann are both issues of law subject to de novo review. Cady, 2018 VT 61, ¶ 6; State v. Mottolese, 2015 VT 81, ¶ 6, 199 Vt. 470. "[W]e need not adopt the court's rationale in affirming its conclusion." Hudson v. Town of E. Montpelier, 161 Vt. 168, 170 (1993).

Defendant argues that the criminal division erred in concluding that other relief may be available to him, while the State contends that the trial court correctly dismissed defendant's petition because he may pursue a PCR petition under 13 V.S.A. § 7131, file an expungement petition under 13 V.S.A. § 7602, petition for relief from the collateral consequences of his conviction under 13 V.S.A. §§ 8010 or 8011, or seek a pardon from the Governor.[*]

With respect to the availability of a PCR petition, defendant maintains that he is not "in custody under sentence" as required to seek such relief. 13 V.S.A. § 7131 (providing that "[a] prisoner who is in custody under sentence of a court" may file a PCR petition seeking to vacate, set aside, or correct their sentence). The State contends that defendant should be required to file a PCR petition under the theory that his obstruction-of-justice conviction is being used to enhance his current sentence, analogizing to Cady and Sinclair. See Cady, 2018 VT 61, ¶ 13 (holding coram nobis was unavailable to defendant seeking to challenge DUI-2 conviction while DUI-3 charge was pending because if defendant was convicted and received enhanced sentence on DUI-3 charge, he would be eligible to challenge DUI-2 conviction through PCR petition); Sinclair, 2012 VT 47, ¶¶ 17-18 (holding coram nobis unavailable to defendant because "although defendant is no longer serving his 1993 sentence, his allegation that the 1993 sentence is being used to enhance a current federal sentence puts him within the ambit of our PCR statute"). However, defendant did not allege in his petition that his current sentence was subject to a statutory enhancement. Instead, he contended—without further elaboration—that his prior conviction was an "aggravating factor" in his current sentence. See State v. Ray, 2019 VT 51, ¶¶ 7, 15, 210 Vt. 496 (explaining that trial courts have broad discretion in sentencing, which "is not a scientific formula or process. Each aggravating factor does not come with a specified sentencing enhancement; rather, courts look at the aggravating and mitigating factors of a case as a whole"). This Court has not addressed whether a sentencing court's consideration of a prior conviction as an aggravating factor, standing alone, permits the defendant serving that sentence to challenge the prior conviction under § 7131. See, e.g., In re Stewart, 140 Vt. 351, 359-60 (1981) (holding that petitioner was "in custody" for purposes of § 7131 where challenged prior convictions were aggravating factors in current sentence and precluded application for parole, but noting that "[e]very collateral consequence associated with a conviction will not trigger jurisdiction"); cf. In re Russo, 2013 VT 35, ¶ 16, 193 Vt. 594 (holding petitioner was not "in custody under sentence" because, even accepting allegation that prior convictions were factor in court's decision to hold him without bail on separate charge, "their connection to the court's overall decision was so remote that it does not suffice to demonstrate that petitioner's incarceration was a result of the convictions he seeks to attack"). Likewise, we have never considered whether expungement, petitions for relief from collateral consequences, or the Governor's pardon power are the types of alternate remedies which render coram nobis unavailable.

---

[*] The State also argues that because defendant first presented his Kuhlmann argument in an expungement petition under 13 V.S.A. § 7602 that the court denied as premature, we should reject this appeal as an attempt to untimely appeal the trial court's decision denying his petition to expunge. Given that defendant did not argue in his coram nobis petition or on appeal that he is eligible for expungement under § 7602, we find the State's argument on this point unavailing.

We do not reach these issues today, however, because we conclude that defendant's petition was appropriately dismissed as his underlying legal argument was without merit. See, e.g., State v. Washburn, No. 2016-325, 2017 WL 1506739, *2 n.2 (Vt. Apr. 24, 2017) (unpub. mem.) [https://perma.cc/ES28-TW8J] (explaining that because argument set forth in motion to vacate judgment pursuant to writ of coram nobis was without merit, "we need not resolve the question of whether the writ is available to defendant under the circumstances of this case"). Defendant contends that, following his 2018 plea, Kuhlmann clarified that "by threats or force" is an essential element of obstruction of justice. This was not our holding in Kuhlmann.

The defendant in Kuhlmann and defendant here were both convicted of obstruction of justice under the final clause of 13 V.S.A. § 3015, which provides: "Whoever . . . corruptly or by threats or force or by any threatening letter or communication, obstructs or impedes, or endeavors to obstruct or impede the due administration of justice, shall be imprisoned not more than five years or fined not more than $5,000.00, or both." (Emphasis added). While defendant was convicted of corruptly endeavoring to impede the due administration of justice, the defendant in Kuhlmann was convicted of endeavoring "by threatening communication" to obstruct the due administration of justice. 2021 VT 52, ¶ 21. In Kuhlmann, we reversed the defendant's conviction after concluding that the statements in evidence could not reasonably be viewed as threatening. Id. ¶ 25. We did not, as defendant contends, hold that "by threats or force" was an essential element of obstruction of justice under § 3015. Rather, we held that where a defendant is convicted of obstruction of justice by threatening communication, the communication at issue must be threatening. Id. Defendant's petition therefore lacked merit and was appropriately dismissed.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice